**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **MAYOR AND CITY COUNCIL**<br>**OF OCEAN CITY MARYLAND**, *et al.* | * |
| Plaintiffs, | * |
| v. | * |
| | Civil Action No: 1:24-cv-03111-SAG |
| **UNITED STATES DEPARTMENT**<br>**OF THE INTERIOR**, *et al.* | * |
| Defendants, | * |
| and | * |
| **US WIND, INC.** | * |
| Defendant-Intervenor. | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**DEFENDANT-INTERVENOR US WIND'S ANSWER TO THE**
**AMENDED COMPLAINT TO REVERSE AND SET ASIDE FINAL AGENCY ACTION**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant-Intervenor US Wind, Inc. ("US Wind"), by and through its undersigned counsel, submit the following Answer to the claims and allegations set forth in the Amended Complaint to Reverse and Set Aside Final Agency Action ("Amended Complaint") (ECF No. 32) filed by Plaintiffs.  This Answer is made subject to the following limitations as if fully set forth herein.

*First*, this Answer is made subject to the Court's Order (ECF No. 69, the "Order"), dated July 2, 2025, which ruled on Defendants' Motions to Dismiss (ECF Nos. 37 & 39).  To the extent that the Amended Complaint contains allegations regarding claims, theories, or facts that have been dismissed or have been otherwise rendered immaterial by the Order or any other orders issued

by the Court, or which refer to the claims, theories, or facts that have been dismissed, no response is required to such allegations. Moreover, any responses in this Answer do not constitute acknowledgment or admission of the validity or relevance of such allegations.

*Second*, where US Wind states that it lacks knowledge or information sufficient to form a belief about the truth of a certain allegation, US Wind reserves the right to argue that the allegation is true or false based on the evidence. Similarly, where US Wind denies a certain allegation on the basis that the allegation pertains to Plaintiffs' claims, theories, or facts that have been dismissed, mooted, stayed, or otherwise rendered immaterial by the Court's July 2, 2025 Order granting in part Defendants' Motions to Dismiss, US Wind reserves the right to argue that the allegation is true or false based on the evidence.

*Third*, the corresponding section headings and subheadings throughout the Amended Complaint contain characterizations to which no response is required. To the extent a response is deemed required, US Wind denies any allegations in the section headings and subheadings.

*Fourth,* where an allegation identifies, incorporates, or references a separate document, denial of such allegation also denies any similar allegation contained in such document and denies that such document supports the allegation.

First unnumbered paragraph: US Wind denies the allegations in the first unnumbered paragraph of the Amended Complaint.

Second unnumbered paragraph: US Wind admits that the Bureau of Ocean Energy Management ("BOEM") issued the referenced Record of Decision ("ROD") approving the Final Environmental Impact Statement ("FEIS") for the Construction and Operations Plan ("COP") of the Maryland Offshore Wind Project (the "Project") on September 4, 2024, but denies the allegation in the first sentence of the second unnumbered paragraph of the Amended Complaint

that the ROD constituted BOEM's approval of the COP and denies all other allegations in such sentence. The allegations in the second sentence of such paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, US Wind denies such allegations.

Third unnumbered paragraph: US Wind denies the allegations in the third unnumbered paragraph of the Amended Complaint.

1.      In response to the allegations in paragraph 1 of the Amended Complaint, US Wind denies the allegations in the seventh sentence, including without limitation that "Ocean City will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the construction and operations of the Maryland Offshore Wind Project." US Wind admits that Plaintiff the Mayor and City Council of Ocean City, Maryland submitted comments on the Draft Environmental Impact Statement ("DEIS") and otherwise denies the allegations in the eighth sentence of paragraph 1 on the basis that such comments speak for themselves. US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

2.      In response to the allegations in paragraph 2 of the Amended Complaint, US Wind denies the allegation in the fifth, sixth, and seventh sentences, including without limitation that the "Project's 114 turbines just 10.7 miles off the coast will destroy the pristine ocean view, degrade water quality, injure marine life, and create safety issues, and will deter seasonal residents and tourists from traveling to Fenwick Island" and that "the Town of Fenwick Island will suffer significant, cognizable injuries in fact by the construction and operations of the Maryland Offshore Wind Project." US Wind admits that Plaintiff the Mayor and Town Council of Fenwick Island submitted certain comments on the DEIS and a proposed Marine Mammal Protection Act

("MMPA") Letter of Authorization and otherwise denies the allegations in the eighth and ninth sentences of paragraph 2 on the basis that the referenced comments speak for themselves.  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

3.      In response to the allegations in paragraph 3 of the Amended Complaint, US Wind denies the allegations in the seventh sentence, including without limitation that "the unobstructed views, healthy marine life, and property values of the County will be adversely impacted by the Project" and that "Worcester County will suffer direct, substantial, and cognizable injuries-in-fact by the construction and operations of the Maryland Offshore Wind Project."  US Wind denies the allegations in sentence eight of paragraph 3 on the basis that any such comments and objections speak for themselves.  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

4.      In response to the allegations in paragraph 4 of the Amended Complaint, US Wind denies the allegations in the third sentence, including without limitation that "the Project will degrade the marine environment, create navigational hazards, exclude sportfisherman from their popular and traditional fishing spots" and that "the Association and its members will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

5.      In response to the allegations in paragraph 5 of the Amended Complaint, US Wind denies the allegations in the fourth sentence, including without limitation that "the Project will cause adverse impacts to tourism, recreation, and industry in the area" and that "Bay Shore

Development Corporation will suffer direct, substantial, and cognizable injuries-in-fact by the construction and operations of the Maryland Offshore Wind Project." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

6.      In response to the allegations in paragraph 6 of the Amended Complaint, US Wind denies the allegations in the first and third through tenth sentences, including without limitation that "many of the Institute's members will suffer injury-in-fact caused by this Project," "the Project will generate unreliable energy . . . forcing the Institute, and its members, to pay for more electricity," "prices will continue to rise once the Project is constructed," and "the Project's impacts to the marine environment and commercial fisherman will injure the Institute's members." US Wind further denies that the Institute "will be injured by the Project because the Project directly injures the Institute's, and the ability of David Stevenson, the Director of the Center for Energy & Environment and member of the Institute, to study the North Atlantic Right Whale," "the Project adversely impacts tourism, degrades the marine environment, excludes commercial fisherman from their traditional fishing grounds, and threatens the continued existence and presence of the North American Right Whale" and "the Caesar Rodney Institute will suffer significant, cognizable injuries." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

7.      In response to the allegations in paragraph 7 of the Amended Complaint, US Wind denies the allegations in the seventh sentence, including without limitation that "the Project will cause adverse impacts to the ocean views and pristine marine environment that draws tourists to Ocean City and supports property values in the Caine Woods community" and that the "Association will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of

Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

8.     In response to the allegations in paragraph 8 of the Amended Complaint, US Wind denies the allegations in the seventh sentence, including without limitation that "the Project will adversely impact the unobstructed ocean views and destroy the healthy marine environment that Castle in the Sand's hotels and businesses depend on" and "Castle in the Sand, Inc. will suffer direct, substantial and cognizable injuries in fact by the construction and operations of the Maryland Offshore Wind Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

9.     In response to the allegations in paragraph 9 of the Amended Complaint, US Wind denies the allegations in the third through fifth sentences, including without limitation that "the Project will negatively impact Citizens for Ocean City's members, who include residents, business owners, and fishermen of Ocean City, and they will experience a decrease in tourism, which will lead to a loss of revenue, navigation issues that will create safety hazards, and an industrialized ocean view that will decrease property values and discourage people from living in Ocean City," US Wind further denies that the "Project will cause Citizens for Ocean City to lose members, who will leave the community and no longer utilize the information sources Citizens for Ocean City provides" and that "the Project will cause adverse impacts to the tourism industry, degrade the marine environment, drive commercial fishermen from their traditional fishing locations, and push residents and tourists out of Ocean City" and "Citizens for Ocean City will suffer significant, cognizable injuries."  US Wind lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

10.    In response to the allegations in paragraph 10 of the Amended Complaint, US Wind denies the allegations in the fourth, sixth, and seventh sentences, including without limitation that "the Association's purpose, and its members interests, are inextricably linked to the health of the marine environment and the pristine unobstructed ocean views," that "the Project's adverse impacts on the marine environment and coastal visual resources will adversely affect the property values in Ocean City and nearby communities" and "the Association will suffer direct, substantial, and cognizable injuries-in-fact by the construction and operations of the Maryland Offshore Wind Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

11.    In response to the allegations in paragraph 11 of the Amended Complaint, US Wind denies the allegations in sentences three through five, eight, eleven, and twelve, including without limitation that "the construction boats for the Project, which will be utilizing the Ocean City Inlet and Harbor, causing boat traffic congestion and dangerous conditions for Collins when he is traveling in and out of the Harbor," that "the construction and operation of the turbines and substations will force Collins out of the Project area, and he will lose access to the beautiful, unimpeded ocean landscape that Collins has enjoyed for many years," that "the Project will also interfere with the navigation and radar systems that Collins relies on to safely travel through the Project's lease area," that "the viewshed that Collins has enjoyed for years will be destroyed and will drive the whales that he views out of the area," that the "Project's turbines will endanger these birds, which will be killed by flying into the turbines," that the "Project will cause adverse impacts to Collins' recreational boating, birdwatching, and whale watching activities," that "the Project

will degrade the marine environment," that "Collins will suffer significant, cognizable injuries-in-fact due to the Project's impacts on recreational boating, whale watching, and birdwatching and the impact to whales and migratory and endangered birds." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

12.    In response to the allegations in paragraph 12 of the Amended Complaint, US Wind denies the allegations in the fifth sentence, including without limitation that the "Project will cause fewer tourists to come to Ocean City" and that "the Association will suffer direct, substantial, and cognizable injuries-in-fact as a result of the construction and operations of the Maryland Offshore Wind Project." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

13.    In response to the allegations in paragraph 13 of the Amended Complaint, US Wind denies the allegations of the fifth and sixth sentences, including without limitation that "[t]he construction, installation, and operation of the Maryland Offshore Wind Project will cause tourists and seasonal visitors to choose to visit other resort locations with unindustrialized views and destroyed healthy marine environments, meaning less demand and less revenue for the Fagers Island hotels and restaurants," that the "Project will cause fewer tourists to come to Ocean City" and that "Fagers Island Ltd will suffer direct, substantial, and cognizable injuries in fact as a result of the construction and operations of the Maryland Offshore Wind Project." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

14.    In response to the allegations in paragraph 14 of the Amended Complaint, US Wind denies the allegations in the seventh sentence, including without limitation that "Mr. Topping will suffer direct, substantial, and cognizable injuries-in-fact from the Project's adverse impacts on the marine environment and ocean-based business and industry."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

15.    In response to the allegations in paragraph 15 of the Amended Complaint, US Wind denies the allegations in the sixth sentence, including without limitation that the "Maryland Offshore Wind Project will adversely impact the unobstructed ocean views, healthy marine environment, and interfere with the full enjoyment of Maryland's beaches" and that "Harrison Group General LLC will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

16.    In response to the allegations in paragraph 16 of the Amended Complaint, US Wind denies the allegations in the fourth sentence, including without limitation that the "Project will cause fewer tourists to come to Ocean City" and that "James Hospitality's business will suffer direct, substantial, and cognizable injuries-in-fact from the Project's impacts on the environment and tourism."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

17.    In response to the allegations in paragraph 17 of the Amended Complaint, US Wind denies the allegations in the eighth sentence, including without limitation that "the Project will

degrade the marine environment, create navigational hazards, exclude commercial fisheries from popular fishing spots, and stymie tourism" and that "the Gwins will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

18.    In response to the allegations in paragraph 18 of the Amended Complaint, US Wind denies the allegations in the third sentence, including without limitation that the "Project will destroy the open ocean landscape that Pawloski photographs and destroy her aesthetic enjoyment of the Delaware and Maryland coastlines" and that "Pawloski will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

19.    In response to the allegations in paragraph 19 of the Amended Complaint, US Wind denies the allegations in the sixth sentence, including without limitation that the "Project will cause adverse impacts to tourism, recreation, and industry in the area," that "the Project will degrade the marine environment that migratory and endangered birds rely on and injure and kill migratory birds" and that "Trader will suffer significant, cognizable injuries in fact due to the Project's impacts on tourism and impacts on migratory and endangered birds."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

20.    In response to the allegations in paragraph 20 of the Amended Complaint, US Wind denies the allegations in the fourth and fifth sentences, including without limitation that "the construction and operation of the turbines for this Project will substantially and adversely impact

the marine environment, the unimpeded view, and destroy access to fishing areas," that "fewer people will buy or lease properties in this community, and property values will go down," that "the Little Salisbury Civic Association will suffer direct, substantial, and cognizable injuries-in-fact from the Project's impacts on Ocean City's visual resources." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

21.    In response to the allegations in paragraph 21 of the Amended Complaint, US Wind denies the allegations in the ninth sentence, including without limitation that "the Project will degrade the marine environment where he fishes, create navigational hazards, exclude him and the fishermen who rent his boat from fishing in their traditional fishing grounds, and reduce the population of target species" and that "Coppa will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

22.    In response to the allegations in paragraph 22 of the Amended Complaint, US Wind denies the allegations in the fourth sentence, including without limitation that "the Project will cause adverse impacts to tourism, recreation, and industry in the area" and that Ocean Amusement Inc. "will suffer significant, cognizable injuries-in-fact due to the Project's impact on tourism." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

23.    In response to the allegations in paragraph 23 of the Amended Complaint, US Wind denies the allegations in the sixth, eighth, and ninth sentences, including without limitation that "the Maryland Offshore Wind Project and its 114 turbines sited 10.7 miles off the beach will

directly impact the Corporation because it will deter people from visiting Ocean City, directly injuring the Downtown community and the businesses," that "once this Project is built" people will "stop coming to Ocean City because the features that they once enjoyed are gone," that "the Downtown businesses will face substantial if not ruinous financial hardship, and the essence of Downtown Ocean City will be destroyed, including the Corporation," and that "the Corporation will suffer significant, cognizable injuries-in-fact due to the Project's impacts on tourism." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

24.    In response to the allegations in paragraph 24 of the Amended Complaint, US Wind denies the allegations in the seventh, eighth, and ninth sentences, including without limitation that the "Project will deter people from visiting," "the Project will directly threaten the livelihood of the Association's members and their business's continued existence," that the "Maryland Offshore Wind Project's 114 turbines, 10.7 miles off the Ocean City beach, pose an immediate concrete threat to the tourism-based businesses who are members of the Association," and that "the Association will suffer significant cognizable injuries-in-fact by the construction and operation of the Maryland Offshore Wind Project." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

25.    In response to the allegations in paragraph 25 of the Amended Complaint, US Wind denies the allegations in the sixth sentence, including without limitation that the Maryland Offshore Wind Project will be "devastating" on the "views of the Ocean City Inlet, Assateague Island, and the Atlantic Ocean," that the "Project will cause fewer tourists to come to Ocean City" and that the Marlin Club "will suffer direct, substantial, and cognizable injuries-in-fact from the

Project's impacts on the marine environment, navigability, port utilization, and marine safety." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

26.    In response to the allegations in paragraph 26 of the Amended Complaint, US Wind denies the allegations in the sixth, seventh, and eighth sentences, including without limitation that "the Project will drive tourists away from Ocean City by degrading the ocean and marine environment, interfere with boating and sailing, endangering marine mammals, birds, and fish, excluding fisherman from the Project area, and destroying the open ocean view," that, as a result of the Maryland Offshore Wind Project, tourists will "no longer enjoy trash and debris-free beaches, swim, boat, sail, and fish in clean waters off Ocean City, enjoy coastal birds and marine life that fly and swim offshore, and enjoy the vast, unindustrialized ocean views," and that the "Chamber of Commerce will suffer significant, cognizable injuries-in-fact from the Project's impacts on the environment and tourism."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

27.    In response to the allegations in paragraph 27 of the Amended Complaint, US Wind denies the allegations in the sixth sentence, including without limitation "the Project will cause adverse impacts to tourism and will degrade the marine environment" and that "the Association will suffer significant, cognizable injuries-in-fact due to the Project's impacts on tourism."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

28.    In response to the allegations in paragraph 28 of the Amended Complaint, US Wind denies the allegations in the sixth sentence, including without limitation that the "Project's adverse

impacts threaten the continued viability of the North Atlantic Right Whale" and that "the Coalition will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project's impacts on the marine environment, including marine mammals and the interconnected marine benthic habitat." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

29.    In response to the allegations in paragraph 29 of the Amended Complaint, US Wind denies the allegations in the ninth, tenth and eleventh sentences, including without limitation that "the Maryland Offshore Wind Project will adversely impact the tourism that the Buas hotels and motel depend on by cluttering the Ocean City viewshed with massive physical structures that will be visible during the day and night," that the Project is "degrading the marine environment, endangering wildlife, excluding fisherman from the Project area, and littering debris and trash on the beaches," that "the Project will cause adverse impacts to the tourism industry by destroying the viewshed and degrading the marine environment" and that "Spiros Buas will suffer significant, cognizable injuries." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

30.    In response to the allegations in paragraph 30 of the Amended Complaint, US Wind denies the allegations in the tenth sentence, including without limitation that "the Project will degrade the marine environment critical for the recreational fishing industry and add massive turbines that will obstruct the safe passage of vessels offshore" and "will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project." US Wind lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

31.     In response to the allegations in paragraph 31 of the Amended Complaint, US Wind denies the allegations in the fourth sentence, including without limitation that "the Project will cause adverse impacts to tourism, marine and ocean-based recreation and industry in the area" and that Time Inc. "will suffer significant, cognizable injuries-in-fact due to the Project's impacts on tourism." US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

32.     In response to the allegations in paragraph 32 of the Amended Complaint, US Wind denies the allegations in the fourth, fifth, and sixth sentences, including without limitation that "the 114 turbines will be a safety hazard for their members to navigate through and will create congested transit lanes for their boaters and fishermen who are to travel through a safe passage around the Project," that "the Project will increase the amount of time it takes for their members to reach their fishing grounds, which will reduce the amount of time they have to fish and will decrease their income," that "the Project creates navigational hazards that block the traditional transit lanes" and that the Waterman's Association of Worcester County "will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

33.     In response to the allegations in paragraph 33 of the Amended Complaint, US Wind denies the allegations in the fourth, fifth, and sixth sentences, including without limitation that "the Project threatens to destroy the areas fish habitat and decrease the fish population and directly impair the sport of large game fishing in Ocean City, Maryland."  US Wind further denies that

"the Project also poses navigational hazards for fishermen who must navigate around the many Project structures, often times hours out of the way, to reach their fishing destinations."  US Wind further denies that "the Project creates navigational hazards and degrades the marine life that the Open depends on to draw visitors each year" and that White Marlin Open, Inc. "will suffer direct, substantial, and cognizable injuries-in-fact as a direct result of the Project."  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the referenced paragraph and, on that basis, denies those allegations.

34.     The allegations in paragraph 34 of the Amended Complaint assert legal conclusions, to which no response is required.

35.     US Wind admits that the U.S. Department of the Interior is an agency of the federal government and otherwise denies the allegations in paragraph 35 of the Amended Complaint.

36.     US Wind admits that BOEM is a federal agency within the Department of the Interior and otherwise denies the allegations in paragraph 36 of the Amended Complaint.

37.     US Wind admits that the National Marine Fisheries Services is a federal agency and is part of the National Oceanic and Atmospheric Administration within the U.S. Department of Commerce. US Wind otherwise denies the allegations in paragraph 37 of the Amended Complaint.

38.     The allegations in paragraph 38 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

39.     The allegations in paragraph 39 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

40.     The allegations in paragraph 40 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

41.     The allegations in paragraph 41 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

42.     The allegations in paragraph 42 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

43.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint and, on that basis, denies those allegations.

44.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint and, on that basis, denies those allegations.   In further response, US Wind refers to the vision statement referenced in said paragraph for its full and complete contents.

45.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint and, on that basis, denies those allegations.

46.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint and, on that basis, denies those allegations.

47.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint and, on that basis, denies those allegations.

48.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint and, on that basis, denies those allegations.

49.     The allegations in paragraph 49 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to fully and accurately set forth the contents of the Outer Continental Shelf Lands Act ("OCSLA") and cited caselaw, which speak for themselves.

50.     The allegations in paragraph 50 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations, including for failing to fully and accurately set forth the contents of OCSLA, which speak for themselves.

51.     US Wind admits the allegations in the first sentence of paragraph 51 of the Amended Complaint and denies the remaining allegations of paragraph, including for failing to fully and accurately set forth the contents of the referenced document, which speaks for itself.

52.     US Wind denies the allegations in paragraph 52 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the referenced document, which speaks for itself.

53.     US Wind denies the allegations in paragraph 53 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the referenced document, which speaks for itself.

54.     US Wind denies the allegations in paragraph 54 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the referenced documents, which speak for themselves.

55.     US Wind admits that BOEM and US Wind executed Leases OCS-A 0489 and OCS-A 0490 effective December 1, 2014; that, by lease amendment effective March 1, 2018, the leases were merged into a single lease, Lease OCS-A 0490, and that such merged lease consists of

approximately 79,707 acres. US Wind otherwise denies the allegations of paragraph 55 of the Amended Complaint.

56.     In response to the allegations in paragraph 56 of the Amended Complaint, US Wind admits that in 2017, the State of Maryland awarded US Wind Offshore Wind Renewable Energy Credits ("ORECs") for an approximately 300 megawatts (MW) offshore wind facility; that in 2021, the State of Maryland awarded US Wind another set of ORECS for an 808 MW offshore wind facility; but US Wind otherwise denies the remaining allegations in paragraph 56, including for failing to fully and accurately set forth the contents of the referenced laws and government actions, which speak for themselves.

57.     In response to the allegations in paragraph 57 of the Amended Complaint, US Wind admits that the COP for the Project encompasses MarWin, a wind farm of approximately 300 MWand Momentum Wind consisting of approximately 808 MW as well as the build out of the remainder of the Lease area. US Wind otherwise denies the allegations of paragraph 57, including for failing to fully and accurately set forth the contents of the COP, which speaks for itself.

58.     US Wind admits that, on October 6, 2023, BOEM gave notice of the public availability of the Draft Environmental Impact Statement for the COP for the Project for public review and comment and that, on July 29, 2024, BOEM gave notice of the public availability of the FEIS. US Wind denies any other or inconsistent allegation in paragraph 58 of the Amended Complaint.

59.     US Wind admits that, on June 18, 2024, NMFS published a Biological Opinion ("BiOp") in accordance with Section 7 of the Endangered Species Act ("ESA") on the effects of BOEM's proposed approval, with conditions, of the COP for the Project, and that the BiOp determined after extensive analysis that the COP activities are not likely to jeopardize the

19

continued existence of any ESA-listed species, including the North Atlantic Right Whale. US Wind otherwise denies the allegations in paragraph 59 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the BiOp, which speaks for itself.

60.     US Wind admits that, on September 4, 2024, BOEM and NMFS issued their joint ROD for the FEIS for the Project. US Wind denies any other or inconsistent allegation in paragraph 60 of the Amended Complaint.

61.     US Wind admits that, on October 23, 2024, NMFS promulgated regulations pursuant to the Marine Mammal Protection Act ("MMPA") to govern the Level B incidental taking of marine mammals during the construction of the Project from January 1, 2025, through December 31, 2029. US Wind denies any other or inconsistent allegation in paragraph 61 of the Amended Complaint.

62.     US Wind admits that, on December 2, 2024, BOEM notified US Wind that it had approved the COP for the Project and granted a project easement requested by US Wind pursuant to the terms of the Lease and 30 C.F.R. § 585.200(b). US Wind denies any other or inconsistent allegation in the first sentence of paragraph 62 of the Amended Complaint. US Wind denies the allegations in the second sentence of paragraph 62.

63.     US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

64.     The allegations in paragraph 64 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

65.     The allegations in paragraph 65 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

66.     The allegations in paragraph 66 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

67.     The allegations in paragraph 67 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

68.     US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

69.     US Wind admits that the Project will be built on the Outer Continental Shelf ("OCS") and that the OCS is vast. US Winds lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 69 of the Amended Complaint and, on that basis, denies those allegations. The second sentence of paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, US Wind denies those allegations for failing to fully and accurately set forth the contents of the referenced decision, which speaks for itself.

70.     Paragraph 70 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, US Wind denies those allegations for

failing to fully and accurately set forth the contents of the referenced statute, which speaks for itself.

71.    Paragraph 71 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, US Wind denies those allegations for failing to fully and accurately set forth the contents of the referenced statute, which speaks for itself.

72.    US Wind denies the allegations in paragraph 72 of the Amended Complaint.

73.    US Wind denies the allegations in paragraph 73 of the Amended Complaint

74.    US Wind denies the allegations in paragraph 74 of the Amended Complaint, for failing to fully and accurately set forth the contents of the FEIS, which speaks for itself.

75.    US Wind denies the allegations in the first, second and third sentences of paragraph 75 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the FEIS, which speaks for itself. US Winds lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 and, on that basis, denies those allegations.

76.    US Wind denies the allegations in paragraph 76 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

77.    US Wind denies the allegations in paragraph 77 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

78.    US Wind denies the allegations in paragraph 78 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

79.    The allegations in the first sentence of paragraph 79 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations

on the basis that they fail to fully and accurately set forth the contents of OCSLA, which speaks for itself. US Wind denies the allegations in the second sentence of paragraph 79.

80.    US Wind denies the allegations in paragraph 80 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the FEIS, which speaks for itself.

81.    In response to paragraph 81 of the Amended Complaint, US Wind denies the allegations in the first sentence. US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and, on that basis, denies those allegations.

82.    US Wind denies the allegations in paragraph 82 of the Amended Complaint.

83.    US Wind denies the allegations in paragraph 83 of the Amended Complaint.

84.    US Wind denies the allegations in paragraph 84 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

85.    US Wind denies the allegations in paragraph 85 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

86.    US Wind denies the allegations in paragraph 86 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

87.    US Wind denies the allegations in paragraph 87 of the Amended Complaint.

88.    US Wind denies the allegations in paragraph 88 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

89.    US Wind denies the allegations in paragraph 89 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

90.     US Wind denies the allegations in paragraph 90 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the FEIS, which speaks for itself.

91.     US Wind denies the allegations in paragraph 91 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the FEIS, which speaks for itself.

92.     US Wind denies the allegations in paragraph 92 of the Amended Complaint, including for failing to fully and accurately set forth the contents of the FEIS, which speaks for itself.

93.     US Wind denies the allegations in the first and second sentences of paragraph 93 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself. US Wind denies the allegations in the third sentence of paragraph 93.

94.     US Wind denies the allegations in paragraph 94 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the EIS, which speaks for itself.

95.     US Wind denies the allegations in the first and fourth sentences of paragraph 95 of the Amended Complaint. on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself. US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and, on that basis, denies those allegations.

96.     In response to the allegations in paragraph 96 of the Amended Complaint, US Wind denies the allegations in the first, third, and fourth sentences. US Wind lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 96 and, on that basis, denies those allegations.

97.     In response to the allegations in paragraph 97 of the Amended Complaint, US Wind admits that the North Atlantic right whale is listed as an endangered species under the ESA; and that BOEM and NMFS issued the referenced document. US Wind otherwise denies the allegations in the first three sentences of paragraph 97, on the basis that they fail to fully and accurately set forth the contents of the document to which they refer, which speaks for itself.

98.     US Wind denies the allegations in paragraph 98 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

99.     US Wind denies the allegations in paragraph 99 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

100.     US Wind denies the allegations in paragraph 100 of the Amended Complaint.

101.     In response to the allegations in paragraph 101 of the Amended Complaint, the allegations in the first, second, fourth, and fifth sentences assert legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, US Wind denies those allegations. US Wind denies the allegations in the third sentence of paragraph 101.

102.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Amended Complaint and, on that basis, denies those allegations.

103.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Complaint and, on that basis, denies those allegations.

104.    US Wind denies the allegations in the first sentence of paragraph 104.  US Wind denies the allegations in the second and third sentences of paragraph 104 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

105.    US Wind denies the allegations in the fifth sentences of paragraph 105.  US Wind denies the remaining allegations in paragraph 105 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

106.    US Wind denies the allegations in paragraph 106 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

107.    US Wind denies the allegations in paragraph 107 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

108.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Amended Complaint and, on that basis, denies those allegations.

109.    US Wind denies the allegations in paragraph 109 of the Amended Complaint. US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth sentences and, on that basis, denies those allegations.  US Wind denies the allegations in the fifth sentence of paragraph 109, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

110.    US Wind denies the allegations in the first sentence of paragraph 110.  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the

second and third sentences and, on that basis, denies those allegations. The allegations in the fourth sentence of paragraph 110 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies those allegations.

111.    US Wind denies the allegations in paragraph 111 of the Amended Complaint.

112.    US Wind denies the allegations in paragraph 112 of the Amended Complaint.

113.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 113 and, on that basis, denies those allegations. US Wind denies the remaining allegations of paragraph 113, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

114.    US Wind denies the allegations in paragraph 114 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

115.    US Wind denies the allegations in paragraph 115 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the cited study, which speaks for itself.

116.    US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

117.    The allegations in paragraph 117 of the Amended Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

118.    The allegations in paragraph 118 of the Amended Complaint consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

119.    The allegations in paragraph 119 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations

120.    US Wind denies the allegations in paragraph 120 of the Amended Complaint.

121.    The allegations in paragraph 121 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.

122.    The allegations in paragraph 122 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.

123.    US Wind denies the allegations in the first sentence of paragraph 123 of the Amended Complaint.  The allegations in the second sentence consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.

124.    The allegations in paragraph 124 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.  US Wind also denies the allegations in paragraph 124 because they fail to fully and accurately set forth the contents of the cited documents, which speak for themselves

125.    The allegations in paragraph 125 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.  US Wind also denies the allegations in paragraph 125 because they fail to fully and accurately set forth the contents of the cited documents, which speak for themselves.

126.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 126 and, on that basis, denies those allegations.  US Wind denies the remaining allegations of paragraph 126.

127.    US Wind denies the allegations in the first and second sentences of paragraph 127, including on the basis that they fail to fully and accurately set forth the contents of the referenced document, which speaks for itself.  The remaining allegations in paragraph 127 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.

128.    US Wind denies the allegations in paragraph 128 of the Amended Complaint.

129.    The allegations in paragraph 129 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations on the basis that they fail to fully and accurately set forth the contents of the referenced statute and regulation; the allegations speak for themselves.

130.    The allegations in paragraph 130 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.

131.    The allegations in paragraph 131 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations

132.    US Wind denies the allegations in paragraph 132 of the Amended Complaint.

133.    US Wind denies the allegations in paragraph 133 of the Amended Complaint.

134.    US Wind denies the allegations in paragraph 134 of the Amended Complaint.

135.    US Wind denies the allegations in paragraph 135 of the Amended Complaint.

136.    US Wind denies the allegations in paragraph 136 of the Amended Complaint.

137.    US Wind denies the allegations in paragraph 137 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

138.    US Wind denies the allegations in paragraph 138 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

139.    US Wind denies the allegations in the first and third sentences of paragraph 139 on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.  US Wind denies the allegations in the second sentence of paragraph 139.  US Wind admits that, to date, the State of Maryland has granted US Wind the ORECs reflected in the COP and otherwise denies the allegations in paragraph 139 of the Amended Complaint.

140.    US Wind denies the allegations in paragraph 140 of the Amended Complaint.

141.    US Wind denies the allegations in paragraph 141 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

142.    The allegations in paragraph 142 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations in paragraph 142 of the Amended Complaint.

143.    The allegations in paragraph 143 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations in paragraph 143 of the Amended Complaint.

144.    The allegations in paragraph 144 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations in paragraph 144 of the Amended Complaint

145.    The allegations in paragraph 145 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations in paragraph 145 of the Amended Complaint.

146.    The allegations in paragraph 146 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations in paragraph 146 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

147.    US Wind denies the allegations in paragraph 147 of the Amended Complaint.

148.    US Wind denies the allegations in paragraph 148 of the Amended Complaint.

149.    The allegations in paragraph 149 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations in the first sentence of paragraph 149 of the Amended Complaint.  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences and, on that basis, denies those allegations.

150.    US Wind denies the allegations in the first sentence of paragraph 150 of the Amended Complaint.  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and, on that basis, denies those allegations.

151.    US Wind denies the allegations in paragraph 151 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the FEIS and COP, which speak for themselves.

152.    US Wind denies the allegations in paragraph 152 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

153.    US Wind denies the allegations in paragraph 153 of the Amended Complaint.

154.    US Wind denies the allegations in paragraph 154 of the Amended Complaint.

155.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Amended Complaint and, on that basis, denies those allegations.

156.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Amended Complaint and, on that basis, denies those allegations.

157.    US Wind denies the allegations in paragraph 157 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the cited letter, which speaks for itself.

158.    US Wind denies the allegations in the first, second and third sentences of paragraph 158 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the referenced comments, which speak for themselves.  US Wind denies the allegations in the fourth sentence of paragraph 158.

159.    US Wind denies the allegation in the second sentence of paragraph 159 of the Amended Complaint that "BOEM failed to adequately analyze the impacts on the local economy and tourism-based industries of Ocean City, Maryland, Fenwick Island, Delaware, and Worcester County, Maryland."   The remaining allegations of the referenced paragraph consist of legal

conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.

160.    US Wind denies the allegations in paragraph 160 of the Amended Complaint.

161.    US Wind denies the allegations in the first sentence of paragraph 161 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced studies, which speak for themselves.

162.    US Wind denies the allegations in paragraph 162 of the Amended Complaint.

163.    US Wind denies the allegations in paragraph 163 of the Amended Complaint.

164.    US Wind denies the allegations in paragraph 164 of the Amended Complaint.

165.    US Wind denies the allegations in paragraph 165 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced FEIS, which speaks for itself.

166.    US Wind denies the allegations in paragraph 166 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced FEIS, which speaks for itself.

167.    US Wind denies the allegations in paragraph 167 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced FEIS, which speaks for itself.

168.    US Wind denies the allegations in paragraph 168 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced FEIS, which speaks for itself.

169.    US Wind denies the allegations in paragraph 169 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced FEIS, which speaks for itself.

170.    US Wind denies the allegations in paragraph 170 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced FEIS, which speaks for itself.

171.    US Wind denies the allegations in paragraph 171 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the referenced FEIS, which speaks for itself.

172.    US Wind denies the allegations in paragraph 172 of the Amended Complaint.

173.    US Wind denies the allegations in paragraph 173 of the Amended Complaint.

174.    The allegations in Paragraph 174 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

175.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Amended Complaint and, on that basis, denies those allegations.

176.    US Wind denies the allegations in paragraph 176 of the Amended Complaint.

177.    US Wind denies the allegations in paragraph 177 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the COP, DEIS, and FEIS, which speak for themselves.

178.    US Wind lacks knowledge or information sufficient to form a belief as to the trust of the allegations in the first and second sentences of Paragraph 178 of the Amended Complaint

and, on that basis, denies these allegations, and US Wind denies the allegations in the third sentence.

179.    US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

180.    The allegations in Paragraph 180 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

181.    The allegations in Paragraph 181 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

182.    The allegations in Paragraph 182 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

183.    US Wind denies the allegations in paragraph 183 of the Amended Complaint.

184.    US Wind denies the allegations in paragraph 184 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the BiOp and the BOEM and NOAA Fisheries North Atlantic Right Whale and Offshore Wind Strategy ("Strategy"), which speak for themselves.

185.    US Wind denies the allegations in paragraph 185 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the BiOp and Strategy, which speak for themselves.

186.    US Wind denies the allegations in paragraph 186 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the Strategy, which speaks for itself.

187.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Amended Complaint and, on that basis, denies those

allegations.  US Wind also denies the allegations in paragraph 186 on the basis that they fail to fully and accurately set forth the contents of the cited NOAA report, which speaks for itself.

188.     US Wind denies the allegations in Paragraph 188 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the Draft North Atlantic Right Whale and Offshore Wind Strategy ("Draft Strategy") and refers to the Draft Strategy, which speak for themselves.

189.     US Wind denies the allegations in Paragraph 189 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the Strategy and refers to the Strategy, which speak for themselves.

190.     US Wind denies the allegations in Paragraph 190 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the Strategy and refers to the Strategy, which speak for themselves.

191.     US Wind denies the allegations in paragraph 191 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the BiOp, which speaks for itself.

192.     US Wind denies the allegations in paragraph 192 of the Amended Complaint.

193.     US Wind denies the allegations in Paragraph 193 of the Amended Complaint on the basis that they fail to fully and accurately set forth the contents of the Strategy and BiOp, which speak for themselves.

194.     The allegations in Paragraph 194 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations in paragraph 194 of the Amended Complaint.

195.     The allegations in Paragraph 195 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations in paragraph 195 of the Amended Complaint.

196.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Amended Complaint and, on that basis, denies those allegations.

197.     US Wind denies the allegations in paragraph 197 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the FEIS, which speaks for itself.

198.     US Wind denies the allegations in paragraph 198 of the Amended Complaint, including on the basis that the allegations fail to fully and accurately set forth the contents of the BiOp, which speaks for itself.

199.     US Wind denies the allegations in paragraph 199 of the Amended Complaint.

200.     The allegations in Paragraph 200 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations in paragraph 200 of the Amended Complaint on the basis that the allegations fail to fully and accurately set forth the contents of the BiOp, which speaks for itself.

201.     US Wind denies the allegations in paragraph 201 of the Amended Complaint and refers to the Strategy, which speaks for itself.

202.     US Wind denies the allegations in paragraph 202 of the Amended Complaint.

203.     US Wind denies the allegations in paragraph 203 of the Amended Complaint.

204.     US Wind denies the allegations in paragraph 204 of the Amended Complaint.

205.    US Wind denies the allegations in Paragraph 205 of the Amended Complaint on the basis that the allegations fail to fully and accurately set forth the contents of the July 2023 study which speaks for itself.

206.    US Wind denies the allegations in paragraph 206 of the Amended Complaint.

207.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences in Paragraph 207 of the Amended Complaint and, on that basis, denies those allegations. US Wind denies the remaining allegations in paragraph 207 of the Amended Complaint and refers to the BiOp, which speaks for itself.

208.    US Wind denies the allegations in paragraph 208 of the Amended Complaint, including on the basis that they fail to fully and accurately set forth the contents of the BiOp, which speaks for itself.

209.    US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

210.    The allegations in Paragraph 210 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

211.    The allegations in Paragraph 211 consist of legal conclusions, to which no response is required. To the extent a response is required, US Wind denies the allegations.

212.    The allegations in Paragraph 212 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations.

213.    The allegations in Paragraph 213 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations, and the cited regulation speaks for itself.

214.    The allegations in Paragraph 214 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations, and the cited NMFS rulemaking speaks for itself.

215.    The allegations in Paragraph 215 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations, and the cited statute speaks for itself.

216.    The allegations in Paragraph 216 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations, and the cited NMFS rulemaking speaks for itself.

217.    The allegations in Paragraph 217 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations, and the cited NMFS rulemaking speaks for itself.

218.    The allegations in Paragraph 218 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations and refers to the cited NMFS rulemaking, Strategy, and NMFS report, which speak for themselves.

219.    The allegations in paragraph 219 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies those allegations and refers to the Letter of Authorization statute, which speaks for itself, in said paragraph for its full and complete contents.

220.    The allegations in Paragraph 220 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind

denies the allegations and refers to the cited NMFS rulemaking in said paragraph, which speaks for itself.

221.    The allegations in Paragraph 221 of the Amended Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations and the cited statute and NMFS materials, which speak for themselves.

222.    The second sentence in the allegations in Paragraph 222 of the Amended Complaint consists of legal conclusions, to which no response is required.  US Wind denies the last sentence in the allegations in Paragraph 222 of the Amended Complaint.  US Wind lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 222 of the Amended Complaint and, on that basis, denies those allegations.  US Wind also denies the allegations in paragraph 222 of the Amended Complaint for failing to fully and accurately set forth the contents of the cited documents, which speak for themselves.

223.    US Wind denies the allegations in paragraph 223 of the Amended Complaint.

224.    US Wind denies the allegations in paragraph 224 of the Amended Complaint.

225.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Amended Complaint and which speaks for itself..

226.    US Wind denies the allegations in Paragraph 226 of the Amended Complaint for failing to fully and accurately set forth the contents of the NMFS authorization, which speaks for itself.

227.    US Wind denies the allegations in Paragraph 227 of the Amended Complaint.

228.    Paragraph 228 in the Amended Complaint does not contain any allegations. Therefore, no response is necessary.

229.    US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

230.    The allegations in paragraph 230 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph and the cited statute speaks for itself.

231.    The allegations in Paragraph 231 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in Paragraph 231 of the Amended Complaint and the cited FEIS speaks for itself.

232.    The allegations in paragraph 232 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph and the cited FEIS speaks for itself.

233.    The allegations in paragraph 233 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

234.    The allegations in paragraph 234 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

235.    US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

236.    The allegations in paragraph 236 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph and the cited statute speaks for itself.

237.    The allegations in paragraph 237 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph and the cited statutes speak for themselves.

238.    The allegations in paragraph 238 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph and the cited statute speaks for itself.

239.    The allegations in paragraph 239 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph and the cited statute speaks for itself.

240.    The allegations in paragraph 240 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

241.    The allegations in paragraph 241 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph and the cited statute and regulations speak for themselves.

242.    The allegations in paragraph 242 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

243.    The allegations in paragraph 243 of the Amended Complaint relate to a cause of action that was dismissed by the Court in its July 2, 2025 Order.  As such, US Wind states that no response is required.  To the extent a response is required, US Wind denies the allegations in said paragraph.

244.    US Wind incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

245.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 of the Amended Complaint and, on that basis, denies those allegations.

246.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 of the Amended Complaint and, on that basis, denies those allegations.

247.    US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 of the Amended Complaint and, on that basis, denies those allegations.

248.    The allegations in Paragraph 248 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies the allegations, and the cited statute speaks for itself.

249.    The allegations in the first sentence of Paragraph 248 consist of legal conclusions, to which no response is required.  To the extent a response is required, US Wind denies such allegation.  US Wind denies the remaining allegations in paragraph 249 of the Amended Complaint.

250.    US Wind denies the allegations in paragraph 250 of the Amended Complaint.

251.    US Wind denies the allegations in paragraph 251 of the Amended Complaint.

252.    US Wind denies the allegations in paragraph 252 of the Amended Complaint.

Any allegation in the Amended Complaint that is not expressly admitted or denied above is hereby denied.

In response to the Prayer for Relief, US Wind denies that Plaintiffs are entitled to any relief. To the extent US Wind has not specifically admitted any allegation herein, it is denied. Further, US Wind states that it is entitled to any relief that this Court may deem just or appropriate, in equity or at law.

## AFFIRMATIVE AND OTHER DEFENSES

The following matters are denominated as defenses without regard to whether they constitute affirmative defenses, and without altering Plaintiffs' burden of proof:

### FIRST DEFENSE

This Court does not have subject matter jurisdiction because Plaintiffs lack standing.

### SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted with respect to one

or more of their claims.

### THIRD DEFENSE

Judicial review of Plaintiffs' claims is barred pursuant to 42 U.S.C.A. § 4370m-6(a)(1)(B) and other applicable law as to one or more Plaintiffs because such Plaintiffs did not submit a comment during the environmental review.

### FOURTH DEFENSE

Judicial review of Plaintiffs' claims is barred pursuant to 42 U.S.C.A. § 4370m-6(a)(1)(B) and other applicable law as to one or more issues on which Plaintiffs seek judicial review because Plaintiffs cannot establish that any commenter filed a sufficiently detailed comment so as to put the lead agency on notice of the issue.

### FIFTH DEFENSE

One or more of Plaintiffs' claims is barred in whole or in part for failure to exhaust administrative remedies.

### SIXTH DEFENSE

One or more of Plaintiffs' claims is barred by lack of legal capacity to sue.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their reliance on materials outside the applicable administrative record.

### EIGHTH DEFENSE

Plaintiffs' claims are barred because any and all final agency actions comported with the requirements of the Administrative Procedure Act and all other applicable statutes.

### NINTH DEFENSE

Plaintiffs' claims for equitable relief are by unclean hands, waiver, or estoppel.

## **RESERVATION OF RIGHTS**

US Wind reserves the right to amend or supplement this Answer with additional defenses that become available or apparent during the course of the litigation.

Dated: August 15, 2025

Respectfully submitted,

By: *DRAFT*
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)
Emily Huggins Jones (*pro hac vice*)
Gregory L. Waterworth (D. Md. Bar No. 20938)
Noah J. Mason (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
701 8th Street, N.W.
Suite 500
Washington, D.C. 20001
Telephone: (202) 220-6900
Facsimile: (202) 220-6945
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com
noah.mason@troutman.com

Hilary Tompkins (*pro hac vice*)
Sean Marotta (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617
hilary.tompkins@hoganlovells.com
sean.marotta@hoganlovells.com

David Newmann (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market St., 23d Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
david.newmann@hoganlovells.com

***Attorneys for Defendant-Intervenor US Wind, Inc.***