# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND, *et al.*, | ) ) ) ) |
| *Plaintiffs*, | ) |
| v. | ) ) | Case No.: 1:24-cv-03111-SAG |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) ) |
| *Federal Defendants,* and | ) ) ) |
| US WIND, INC. | ) ) ) |
| *Defendant-Intervenor*. | ) ) |

**JOINT OPPOSED MOTION TO ENTER BRIEFING SCHEDULE FOR FEDERAL DEFENDANTS' FORTHCOMING MOTION FOR REMAND AND TO DEFER FEDERAL DEFENDANTS' DEADLINE TO ANSWER COMPLAINT**

Federal Defendants and Plaintiffs respectfully request that the Court enter a briefing schedule for Federal Defendants' forthcoming motion for voluntary remand. Specifically, the Bureau of Ocean Energy Management ("BOEM") is in the process of reconsidering its prior approval of the Maryland Offshore Wind Project Construction and Operations Plan ("COP"). The operative complaint in this case challenges, among other things, that approval decision. Thus, Federal Defendants are intending to move no later than September 12 to remand and, separately, to vacate BOEM's COP approval. The present motion seeks entry of briefing schedule for that forthcoming remand motion. And in light of that forthcoming motion, Federal Defendants also request that the Court defer their current deadline to answer Plaintiffs' Complaint. Instead, Plaintiffs and Federal Defendants suggest the parties file a status report 14 days after the Court

1

resolves the Motion for Remand and propose what, if any, further proceedings are appropriate. Defendant-Intervenor U.S. Wind opposes the request for entry of a schedule and to defer the answer deadline. In support of this motion, Federal Defendants and Plaintiffs state as follows:

1. Plaintiffs filed this suit alleging violations of the Administrative Procedure Act, National Environmental Policy Act, Endangered Species Act, Marine Mammal Protection Act, Migratory Bird Treaty Act, Coastal Zone Management Act, and National Historic Preservation Act on October 25, 2024. ECF No. 1.

2. On January 6, 2025, the Court granted leave for Plaintiffs to file an Amended Complaint, which added one new claim under the Outer Continental Shelf Lands Act and ten new plaintiffs. ECF No. 30.

3. On January 17, 2025, Federal Defendants filed a Partial Motion to Dismiss two counts of Plaintiffs' Amended Complaint. ECF No. 37.

4. On January 29, Defendant-Intervenor filed a Motion to Dismiss Plaintiffs' Amended Complaint in its entirety. ECF No. 39.

5. On July 2, 2025, this Court granted Federal Defendants' Motion to Dismiss Plaintiffs' sixth (Migratory Bird Treaty Act) and seventh (Coastal Zone Management Act) causes of action. The Court also granted Defendant-Intervenor's Motion to Dismiss Plaintiffs' first (Administrative Procedure Act), sixth, and seventh causes of action. The Court denied Defendant-Intervenor's motion as to the remaining causes of action.

6. On July 15, 2025, this Court granted Defendants' motion to extend Defendants' deadline to respond to the remaining claims in Plaintiffs' Amended Complaint until September 5, 2025.

7. Federal Defendants now intend to move for remand and, separately, to vacate

BOEM's decision to approve the COP and, should the Court grant that relief, to dismiss all Plaintiffs' remaining claims as a result. Should the Court grant all (or even some) of Federal Defendants' motion, an answer to the operative complaint would be unnecessary. Thus, to conserve the resources of the parties and the Court, Federal Defendants respectfully request that the Court defer Federal Defendants' current deadline to answer Plaintiffs' Amended Complaint. Instead, Federal Defendants and Plaintiffs suggest that the parties file a status report suggesting what, if any, further proceedings are necessary within 14 days of the Court's ruling on the forthcoming motion for remand. Defendant-Intervenor opposes Federal Defendants' request to defer the deadline to answer Plaintiffs' Amended Complaint.

8. In anticipation of the forthcoming remand motion, Counsel for Federal Defendants also conferred with Counsel for Plaintiffs and Defendant-Intervenors regarding a proposed briefing schedule. That proposal is set forth below. Plaintiffs agree the schedule is reasonable. Defendant-Intervenor opposes the schedule. Our understanding of Defendant-Intervenor's position is that the Court, in order to decide any request to vacate the COP, would need to opine on the merits of Plaintiffs' claim, which (in Defendant-Intervenor's view) should only be done through summary judgment briefing with consideration of the administrative record. Defendant-Intervenor proposed an alternative schedule to this effect. While that may be a reason to argue against vacatur *in response to the remand motion*, it is not a reason to eliminate Federal Defendants' right to seek relief from the Court. And the question of whether the COP approval should be vacated is secondary to whether the Court should remand that approval to Interior given that Interior is reconsidering the decision. *Accord Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 215 (4th Cir.2009) ("When a court reviews an agency action, the agency is entitled to seek remand without confessing error, to reconsider

3

its previous position." (citation omitted)); *id.* ("[I]t would be an abuse of discretion to prevent an agency from acting to cure legal defects." (cleaned up)).  Defendant-Intervenor remains free to oppose remand (with or without vacatur) for any reason it sees as appropriate.  But it needs to do so in response to the forthcoming motion to remand.  And where, as Interior will do here, an agency seeks remand, allowing that remand "is also important for judicial economy because it allows courts to preserve judicial resources." *Friends of Park v. National Park Service*, No. 2:13-cv-3453-DCN, 2014 WL 6969680, at *2 (D.S.C. Dec. 9, 2014) (citing *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir.1993)).  To allow the Court to consider those factors and any countervailing points Defendant-Intervenor of Plaintiffs choose to raise, Plaintiffs and Federal Defendants request that the Court enter the following briefing schedule:

> **September 12, 2025**: Federal Defendants file motion for voluntary remand
>
> **October 13, 2025**: Parties may file any opposition motions
>
> **November 12, 2025**: Federal Defendants file reply

For all these reasons, Federal Defendants and Plaintiffs respectfully request that the Court enter the above briefing schedule and defer Federal Defendants' current deadline to answer Plaintiffs' Complaint.

Dated: August 25, 2025                                    Respectfully submitted,

                                              ADAM R.F. GUSTAFSON
                                              Acting Assistant Attorney General

                                              */s/ Samuel Vice*
                                              SAMUEL VICE, Trial Attorney
                                              CA Bar No. 324687
                                              DEVON TICE, Trial Attorney
                                              CA Bar No. 357918
                                              Natural Resources Section
                                              P.O. Box 7611
                                              Washington, DC 20044-7611

Tel: 202-514-4352 (Tice)
Email: devon.tice@usdoj.gov
Tel: 202-305-0434 (Vice)
Email: Samuel.vice@usdoj.gov

BONNIE BALLARD
Trial Attorney, Maryland Bar No. 2211280027
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-1513
Fax: (202) 305-0275
Email: bonnie.m.ballard@usdoj.gov

*Attorneys for Federal Defendants*


/s/ Bruce F. Bright
Bruce F. Bright (Bar No. 27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
bbright@ajgalaw.com

/s/ Nancie G. Marzulla
Nancie G. Marzulla (pro hac vice)
Marzulla Law, LLC
1150 Connecticut Ave., NW Suite 1050
Washington, D.C. 20036
(202) 822-6760
nancie@marzulla.com

/s/ Roger J. Marzulla
Roger J. Marzulla (pro hac vice)
Marzulla Law, LLC
1150 Connecticut Ave., NW Suite 1050
Washington, D.C. 20036
(202) 822-6760
roger@marzulla.com


Counsel for Plaintiffs