IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **MAYOR AND CITY COUNCIL OF OCEAN CITY MARYLAND**, *et al.* | * |
| Plaintiffs, | * |
| v. | |
| | * Civil Action No: 1:24-cv-03111-SAG |
| **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.* | |
| | * |
| Defendants, | |
| and | * |
| **US WIND, INC.** | |
| | * |
| Defendant-Intervenor. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**US WIND INC'S RESPONSE IN OPPOSITION TO
THE JOINT OPPOSED MOTION TO ENTER A BRIEFING SCHEDULE FOR
FEDERAL DEFENDANTS' FORTHCOMING MOTION FOR VOLUNTARY REMAND
AND TO DEFER FEDERAL DEFENDANTS' DEADLINE TO
<u>ANSWER PLAINTIFFS AMENDED COMPLAINT</u>**

Defendant-Intervenor US Wind Inc. ("US Wind"), by undersigned counsel, responds in opposition to the Joint Opposed Motion to Enter a Briefing Schedule for Federal Defendants' Forthcoming Motion for Voluntary Remand and to Defer Federal Defendants' Deadline to Answer Plaintiffs Amended Complaint (the "Motion") (ECF No. 74), and states as follows:

1. US Wind opposes the Federal Defendants' and Plaintiffs' proposed indefinite extension of the Federal Defendants' deadline to answer as baseless and prejudicial to US Wind as Defendant-Intervenor. Moreover, US Wind opposes the proposed briefing schedule as a premature and highly prejudicial attempt to short circuit the entire litigation process and seek the extreme remedy of vacatur of the primary approval of the Maryland Offshore Wind Project ("the

1

Project") without a ruling on the merits of the approval. To address the merits as required, a briefing schedule on Federal Defendants' motion to vacate must include deadlines for certifying the administrative record on the approvals at issue plus full briefing on cross-motions for summary judgment as to both Plaintiffs' Administrative Procedure Act ("APA") claims and US Wind's newly filed cross-claims, all of which bear directly on the motion to vacate. US Wind proposed precisely such a schedule, and the Federal Defendants rejected it. By seeking to adjudicate their motion to vacate without addressing the merits of the substantive claims in this case, the Federal Defendants' briefing schedule is an affront to US Wind's due process rights and the Administrative Procedure Act ("APA"). Due to the Federal Defendants' own delays, this case is far from appropriately postured for seeking vacatur, and absent the administrative record and a schedule for briefing cross-motions, the Federal Defendants are attempting to leave US Wind powerless to defend against remand or vacatur. Accordingly, the Motion should be denied.

2.     Plaintiffs initiated this case on October 25, 2024, (ECF No. 1), and the Court granted Plaintiffs' motion to amend the Complaint on January 6, 2025. (ECF No. 30). At the outset of this case, Federal Defendants defended their own final agency actions against Plaintiffs' allegations and, on January 17, 2025, filed a Partial Motion to Dismiss two counts of Plaintiffs' Amended Complaint (ECF No. 37).

3.     This Court granted the Federal Defendants' Partial Motion to Dismiss on July 2, 2025 (ECF No. 69), along with one count for which US Wind sought dismissal in its own Motion to Dismiss (ECF No. 39).

4.     On July 15, 2025, this Court granted Defendants' motion to extend Defendants' deadline to respond to the remaining claims in Plaintiffs' Amended Complaint until September 5, 2025.

5. On August 15, 2025, US Wind answered the Amended Complaint. (ECF No. 73).[1]

6. On August 25, 2025, over the objections of US Wind, the Federal Defendants and Plaintiffs filed the Motion. (ECF No. 74).

7. In filing the Motion, Federal Defendants have abruptly reversed their past defense of their own final decisions approving the Project, abandoning their prior litigation position on the vague premise that they are "in the process of reconsidering [their] prior approval" of the US Wind's Construction and Operation Plan ("COP"). *Id.* at ¶ 7.

8. Federal Defendants now "intend to move for remand and, separately, to vacate BOEM's decision to approve the COP and, should the Court grant that relief, to dismiss all Plaintiffs' remaining claims as a result." *Id.*

9. Federal Defendants further state that should their request for remand and to vacate the COP be granted, all of Plaintiffs' claims would be dismissed as a result, thereby dispatching with the necessity of answering the operative complaint. *Id*.

10. Federal Defendants have further stated their intention to seek voluntary remand and to vacate the COP approval in a Motion to Stay filed in a related matter before the United States District Court for the District of Delaware. *See* Federal Defendants' Motion to Stay This Case ("Motion to Stay"), Dkt. No. 28, filed in *Bintz v. United States Department of the Interior, et al.*, 1:25-cv-00152-GBW, at pgs. 1-2 ("Interior intends to reconsider its COP approval under [the Outer Continental Shelf Lands Act ("OCSLA")]. To that end, Interior intends to move in the earlier-filed Maryland Action—which includes an OCSLA claim—for remand and vacatur of its COP

---

[1] On August 28, 2025, US Wind filed a corrected Answer to the Amended Complaint. (ECF No. 76).

approval. Interior will be filing that motion no later than September 12."). A true and accurate copy of the Motion to Stay in the *Bintz* case is attached as Exhibit 1.

11. To implement their tactical maneuver to abandon the Federal Defendants' defense of US Wind's Project, Plaintiffs and Federal Defendants have requested that the Court enter the following briefing schedule:

> "**September 12, 2025**: Federal Defendants file motion for voluntary remand
>
> **October 13, 2025**: Parties may file any opposition motions
>
> **November 12, 2025**: Federal Defendants file reply[.]"

ECF No. 76 at ¶ 8. They have further requested that the Court "defer Federal Defendants' current deadline to answer Plaintiffs' Complaint." *Id.* The Motion's Proposed Order also requested that the Parties file a status report regarding "what, if any, further proceedings are necessary within 14 days of the Court's ruling on the forthcoming motion for remand." *Id.* at ECF No. 74-1.

12. US Wind opposes the Federal Defendants' and Plaintiffs' proposed deferral of the answering deadline as improper, and the proposed briefing schedule as premature and prejudicial. In addition, at the time of filing, US Wind will have filed an opposition to the Motion To Stay in the *Bintz* case.

13. As an initial matter, US Wind opposes the Federal Defendants' proposed deferral of their answering deadline. A court may extend the time for a party to respond for "good cause." *Thompson-McKoy v. UDR, Inc.*, No. 1:25-CV-00611-JRR, 2025 WL 1888689, at *1 (D. Md. July 8, 2025) (citing Fed. R. Civ. P 6(b)(1). Federal Defendants, however, offer no good reason for their requested indefinite extension. Since the first complaint was filed in October 2024, Federal Defendants have had over ten months to develop their litigation strategy. Even after this Court's decision on the motions to dismiss, Federal Defendants have had two months to prepare their answer. Federal Defendants now request a perpetual deferral of their deadline to answer on the

4

basis that they wish to move for voluntary remand and vacatur prior to the certification of an administrative record. This is not "good cause" as is required. Rather, it is an unabashed attempt to circumvent the APA by seeking vacatur prior to a ruling on the merits (as discussed further below), as well as an effort to hamper US Wind's capacity to defend its interests by bypassing the litigation process dictated by the Federal Rules of Civil Procedure. Accordingly, the requested indefinite extension of the Federal Defendants' deadline to answer should be denied.

14. As for the proposed briefing schedule, counter to the Motion's representations, US Wind does *not* oppose the proposed schedule to prevent Federal Defendants from ever filing a motion for voluntary remand and vacatur in this case. On the contrary, US Wind specifically proposed—and the Federal Defendants rejected—a complete briefing schedule that would include briefing on the motion to vacate, certification of the administrative record and cross-motions for summary judgment on the substantive claim in this case. US Wind opposes the schedule proposed by Federal Defendants because—although they include a deadline for "opposition motions"—they refuse to agree to include deadlines for certification of the administrative record and for full briefing on such motions.

15. Certification of an administrative record and merits briefing is a prerequisite to entertaining the Federal Defendants' forthcoming request for vacatur. *Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 5 (D.D.C. 2009) (remand with vacatur would "allow the Federal defendants to do what they cannot do under the APA" and reverse a final agency action decision "without judicial consideration of the merits" (citation omitted)). Vacatur of BOEM's COP approval (and any other federal approvals of the Project) absent presentation of the full record and all relevant legal argumentation to the Court, is an affront to US Wind's due process rights and the APA.

5

16. Indeed, to evaluate the Federal Defendants' impending request to vacate the COP, this Court must be able to independently evaluate the merits of the Federal Defendants' reasoning for seeking to vacate the agency's action. *See e.g. Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 135-36 (D.D.C. 2010) (holding that the Court did not have the authority to grant the federal defendants' request for vacatur "without an independent determination that the [agency's] action was not in accordance with the law."); *WildEarth Guardians v. Bernhardt*, No. 20-cv-56, 2020 WL 6255291, at *1 (D.D.C. Oct. 23, 2020) (remanding without vacatur because court had not reviewed the information underlying the agency decisions and "therefore, it has no basis to vacate the agency action"); *Ecological Rts. Found. v. U.S. Env't Prot. Agency*, No. CV 19-2181 (FYP), 2022 WL 4130818, at *12 (D.D.C. Sept. 12, 2022) ("The Court, therefore, has two options at this time: either to 'remand without vacatur or to ... proceed to the merits.'" (quoting *Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 42 (D.D.C. 2013), *aff'd*, 601 F. App'x 1 (D.C. Cir. 2015)). As explained by these Courts, vacatur absent a determination on the merits improperly bypasses Congress's direction under the APA that a reviewing court can "hold unlawful and set aside agency action, findings, and conclusions ***found to be***" unlawful, procedurally unsound, or arbitrary and capricious. *Friends of Animals v. Williams*, 628 F. Supp. 3d 71, 80 (D.D.C. 2022) (emphasis retained). Granting vacatur absent a ruling on the merits improperly allows "the Federal defendants to do what they cannot do under the APA, repeal a rule without public notice and comment, without judicial consideration of the merits." *Nat'l Parks Conservation Ass'n*, 660 F. Supp. 2d at 5.

17. The Federal Defendants have made clear their intention to seek vacatur absent certification of the record or any merits briefing. Not only does bypassing the certification of the administrative record deprive the Court of its ability to independently evaluate Federal Defendants' rationale for vacatur, but it highly prejudices US Wind ability to defend its interests in the Project.

In APA matters such as these, the agencies are responsible for providing the administrative record of the disputed action. Here, the Federal Defendants seek to avoid this responsibility and force US Wind to defend the validity of the approval without the administrative record of that approval. This highly prejudices US Wind's ability to meaningfully oppose the forthcoming motion seeking vacatur.

18. Moreover, US Wind filed affirmative counterclaims and cross-claims in this case to protect and declare valid its lawfully granted rights and interests in light of Federal Defendants' decision to switch sides in this case and move to remand and vacate US Wind's COP approval. (ECF No. 77). Federal Defendants' recent choices have added a significant new wrinkle to this case; Plaintiffs and Federal Defendants must now answer or otherwise respond to these claims, and US Wind is entitled to have these claims heard by this Court prior to any decision on voluntary remand and vacatur.

19. Instead of entering the proposed briefing schedule, US Wind respectfully requests that the Court host a scheduling conference to set all necessary remaining deadlines for the prompt resolution of this matter— including, but not limited to, the filing of any responsive pleadings to US Wind's counterclaims and cross-claims, the certification of the administrative record, objections to that record (if any), completion of any necessary discovery, and the opportunity for summary judgment briefing on the merits of all claims and motions before the Court.

20. For these reasons, Defendant-Intervenor US Wind Inc. respectfully requests that the Court deny the Motion and schedule a conference among the Parties at its earliest convenience.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated September 4, 2025 | By:    */s/ Toyja E. Kelley*    .<br>Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)<br>Emily Huggins Jones (*pro hac vice*)<br>Gregory L. Waterworth (D. Md. Bar No. 20938)<br>Noah J. Mason (*pro hac vice*)<br>**TROUTMAN PEPPER LOCKE LLP**<br>701 8th Street, N.W.<br>Suite 500<br>Washington, D.C. 20001<br>Telephone: (202) 220-6900<br>Facsimile: (202) 220-6945<br>toyja.kelley@troutman.com<br>emily.hugginsjones@troutman.com<br>greg.waterworth@troutman.com<br>noah.mason@troutman.com<br><br>Hilary Tompkins (*pro hac vice*)<br>Sean Marotta (*pro hac vice*)<br>**HOGAN LOVELLS US LLP**<br>555 13th Street N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 637-5617<br>hilary.tompkins@hoganlovells.com<br>sean.marotta@hoganlovells.com<br><br>David Newmann (*pro hac vice*)<br>**HOGAN LOVELLS US LLP**<br>1735 Market St., 23d Floor<br>Philadelphia, PA 19103<br>Telephone: (267) 675-4600<br>david.newmann@hoganlovells.com<br><br>***Attorneys for Defendant-Intervenor US Wind, Inc*** |

145959106v9

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, which will give notice of the filing to all counsel of record.

By:    */s/ Toyja E. Kelley*   .
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)

145959106v9