# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD E. BINTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-00152-GBW |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF THE INTERIOR, et al. | ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | |
| US WIND, Inc., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

## FEDERAL DEFENDANTS' MOTION TO STAY THIS CASE

The United States Department of the Interior ("Interior"); Doug Burgum, in his official capacity as the Secretary of the Interior; the Bureau of Ocean Energy Management ("BOEM"); Walter Cruickshank, in his official capacity as Deputy Director of the Bureau of Ocean Energy Management; the U.S. Army Corps of Engineers ("Corps"); and Lieutenant General William H. Graham, Jr., in his official capacity as Chief of Engineers and Commanding General of the Corps (the "Federal Defendants") request the Court stay this case pending a decision in a related case in the District of Maryland. In that case, *Mayor & City Council of Ocean City* v. *U.S. Department of the Interior et al*, No. 1:24-cv-3111 (D. Md. 2024) (the "Maryland Action"), Interior intends to move to voluntarily remand and vacate its approval of the Construction and Operations Plan ("COP") for the Maryland Offshore Wind Project (the "Project")—the same agency action challenged in this case.

1

Interior now intends to reevaluate under the Outer Continental Shelf Lands Act ("OCSLA") its decision to approve the COP and, as a result, will be moving no later than September 12 in the Maryland Action for remand of that prior COP approval. If Interior's motion is granted, the agency action that Plaintiff challenges will be vacated, and thus his claims will be entirely moot. And even if Interior's motion is denied, the agency's reconsideration of the COP will likely result in significant changes that will impact the positions and arguments of the parties here. Accordingly, the Court should stay this action until, at a minimum, the District of Maryland rules on the forthcoming motion. The Court should further order the parties to submit a status report within fourteen days of the District of Maryland's decision, which shall address whether the parties propose to continue the stay, submit a proposed schedule for further proceedings, or recommend that the action be dismissed as moot.

Defendants conferred with Plaintiff and Defendant-Intervenor regarding the stay. Plaintiff indicated that he does not object to a stay of this action. Defendant-Intervenor US Wind notified the Federal Defendants that it opposes a stay of this action.

## BACKGROUND

This case involves the Maryland Offshore Wind Project, to be located twelve miles off the coast of Delaware on the Outer Continental Shelf. Compl. ¶ 2. Like most offshore wind projects, several federal approvals are necessary. Here, Plaintiff challenges under the Administrative Procedure Act ("APA") the Interior's COP approval and the Corps' related issuance of a permit under the Clean Water Act and Rivers and Harbors Act. *See* Dkt. No. 1 ("Compl."). On January 3, 2025, the Corps issued a permit for the Project under the Rivers and Harbors Act and the Clean Water Act. Compl. ¶ 41. The Corps evaluated the Project's construction plans, as outlined in the COP, and issued its permit with the condition that any significant changes to the construction plan

would require a reconsideration of the Corps' permit.  *See* US Wind Permit Ex. 1 at 6.  Plaintiff alleges that, in taking their respective agency actions, Interior and the Corps failed to comply with the Coastal Zone Management Act ("CZMA").  *See id.*  Interior documented its decision to approve the COP in a Record of Decision, and in December 2024 issued a COP approval letter.  Compl. ¶ 40.  A COP approval is necessary before a project proponent can begin construction on the Outer Continental Shelf.  30 C.F.R. § 585.620(c).

Federal Defendants' deadline to answer to the Complaint is September 5, 2025.  In seeking to extend the previous deadline of August 5, 2025, Federal Defendants disclosed to the parties that they would be seeking a stay of this case.  Dkt. No. 22.

The plaintiffs in a separate District of Maryland case also challenge Interior's Maryland Offshore Wind COP approval.  Ocean City Complaint ¶ 72, *Ocean City v. Dep't of Interior*, No. 24-cv-03111 (D. Md. Oct. 25, 2024).  Though the Maryland court dismissed the differently pled CZMA claim in that case *Ocean City v. U.S. Dep't of Interior*, 2025 WL 1827963, at *10 (Jul. 2, 2025), the operative complaint in the Maryland Action still alleges Interior's COP approval was contrary to the OCSLA, APA, and Marine Mammal Protection Act.  Ocean City Compl. ¶ 67, 72, 231.  As a result, the Interior "final agency action" that is challenged in both cases under the APA is the same.  *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").  And both cases seek to vacate that agency action.  Compl. Prayer for Relief ¶ B; Ocean City Compl., Prayer for Relief ¶ 1.[1]

---

[1] In this Action, Plaintiff also challenges the action of the Corps.  The Corps' permit was based on the COP as approved by Interior and would need to be reconsidered if there were any significant changes to the COP.  *See* US Wind Permit Ex. 1 at 6.

Interior intends to reconsider its COP approval under OCSLA.  To that end, Interior intends to move in the earlier-filed Maryland Action—which includes an OCSLA claim—for remand and vacatur of its COP approval.  Interior will be filing that motion no later than September 12.

## LEGAL STANDARD

This Court's authority to stay proceedings flows from its inherent equitable authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997).  A stay is appropriate where the delay is "not immoderate in extent and not oppressive in its consequences." *Landis*, 299 U.S. at 256.

In evaluating a motion to stay, courts must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. 248 at 254-55.  Courts in the Third Circuit consider, among other relevant factors, (1) the length of the stay, (2) any "'hardship or inequity' the movant would face in going forward with the litigation," (3) injury to the non-movant if the stay is granted, and (4) "whether a stay will simplify issues and promote judicial economy." *Delaware Dep't. of Natural Resources and Env't Control v. U.S. Army Corps of Eng'rs*, 751 F. Supp. 2d 715, 732 (D. Del. 2010) (quoting *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co., Ltd.*, No. CIV.A 04-1436-JJFLPS, 2010 WL 1213367, at *3 (D. Del. Mar. 28, 2010)).  A stay of proceedings is appropriate when an administrative agency is concurrently re-evaluating the decision or action underlying the lawsuit.  *See Concerned Citizens of Bushkill Tp. v. Costle*, 592 F.2d 164, 171-173 (3rd Cir. 1979) (finding it was not an abuse of discretion for a lower court to stay proceedings to allow a federal agency to reevaluate the decision underlying the lawsuit).

## ARGUMENT

In the interests of judicial economy, and to avoid significant hardship to Federal Defendants, the Court should stay this case pending, at a minimum, the District of Maryland's decision on Interior's forthcoming motion to permit it to voluntarily vacate and remand its approval of the COP. Should the Maryland court grant the motion, Interior's COP approval will be vacated, and Plaintiff's claims in this case will be moot. If the Maryland court remands without vacatur, a stay to allow Interior sufficient time to complete its remand proceedings is likely appropriate as those remand proceedings will substantially affect the agency actions at issues here. And should the Maryland court deny remand altogether and leave the existing agency actions in place, any delay to the proceedings in this case will have been modest.

Accordingly, this case should be stayed until the District of Maryland rules on the forthcoming motion to remand and vacate Interior's approval of the COP. After that ruling, Defendants suggest that the parties be ordered to submit a status report within fourteen days to advise the Court that the case is moot, seek a further stay, or propose a scheduling order for this case.

### A. The Interests of Judicial Economy Strongly Favor a Stay of this Case

A stay of this case pending a decision on the remand motion will further the interests of judicial economy. A stay is appropriate "when there are legitimate developments that could obviate the need for judicial review, such as when a new administration chooses to reevaluate its litigating position or when an agency plans to reconsider a challenged rule." *Utah v. Env't Prot. Agency*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025).

Here, the District of Maryland's decision on remand may entirely moot consideration of Plaintiff's claims. If the COP is vacated, Plaintiff's claims against Interior will be moot. The

agency actions underlying Plaintiff's claims would cease to exist, along with any alleged redressable injury. *See FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 n.11 (1980) ("[O]ne of the principal reasons to await the termination of agency proceedings is to obviate all occasion for judicial review." (internal citation and quotation marks omitted)). Likewise, there would be no reason to litigate Plaintiff's challenge to the Corps' permit, which authorizes activity subject to Interior's current COP approval. If Interior were to modify its approval of the COP on remand, the Corps would likely need to ensure that any changes to the COP were consistent with the Corps' analysis under the permit and addressed any new terms and conditions of Interior's decision on the COP. This would likely result in new decisions that would supersede and replace the permit Plaintiff challenges in this action.

Even if the Maryland court remands without vacatur, a stay of this action will promote judicial economy. Interior's reconsideration of the COP, even if it does not moot Plaintiff's claims entirely, is very likely to affect the parties' positions and contentions in this case. Judicial economy would not be served by proceeding to litigation on the merits now when the parties' briefing would likely need to be supplemented or modified once Interior's reconsideration is completed.

"[W]ithout a stay, the parties will be required to litigate, and the Court to adjudicate, the same fundamental issues that are already being reconsidered." *S. Yuba River Citizens League v. NMFS*, No. 2:13-cv-00059-MCE, 2013 WL 4094777, at *9 (E.D. Cal. Aug. 13, 2013). Staying this case until the District of Maryland issues its decision will avoid "wasteful duplication of effort." *Chronicle Publ'g. Co. v. Nat'l. Broad. Co.*, 294 F.2d 744, 747-48 (9th Cir. 1961); *see also Nat. Res. Def. Council*, 2015 WL 3750305, at *8 ("The efficiencies of Federal Defendants' proposed [stay] are obvious. . . . Depending on the outcome of the [agency's action on remand], the Court's intervention may not be needed at all. Even if further judicial intervention is sought,

the Court and the parties would benefit from an updated record that may address some of the numerous issues raised in this case[.]").

### B.  A Stay Will Prevent Significant Hardship to Federal Defendants

Absent a stay, Federal Defendants would be forced to expend limited agency resources answering the Complaint and litigating the merits of a decision that they intend to reconsider.  *See, e.g., J.M. Martinac Shipbuilding Corp. v. Washington*, No. C06-1544 JCC, 2007 WL 445438, at *4 (W.D. Wash. Feb. 6, 2007) (noting that it is prejudicial to force government Defendants to proceed in litigation "when it is already clear that the outcome of the [administrative proceedings] will impact the final resolution of this case[.]").  It makes little sense to litigate whether Interior's COP approval or the Corps' permit issued in reliance on that approval are arbitrary or capricious under the Administrative Procedure Act when those agency actions are likely to be vacated and/or reconsidered.

If litigation continues in the interim, however, both "federal agencies would be required to dedicate staff time and resources to litigating the merits of [p]laintiffs' claims, [when] those resources could be re-directed to other efforts." *Nat. Res. Def. Council v. Kempthorne*, No. 1:05-CV-01207 LJO, 2015 WL 3750305, at *8 (E.D. Cal. June 15, 2015); *see Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (noting that litigation "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government").  The better course is to stay the present proceeding until the District of Maryland rules on the forthcoming motion.

### C.  There Will be No Prejudice to the Non-Moving Parties

A stay pending the District of Maryland's ruling on the forthcoming motion will best conserve the resources of the Court and Defendants and will not prejudice the non-moving parties.

Once the Maryland court rules on the motion, the parties will be able to confer regarding its impact on the current case and will be better situated to determine whether dismissal, further stay, or continued litigation is the most appropriate course.

A stay is particularly appropriate because the outcome of the motion for remand may eliminate the need for litigation entirely.  Indeed, if Interior's motion to vacate and remand is granted, Plaintiff will have obtained the ultimate relief he seeks in this action—vacatur of Federal Defendants' approval of the Maryland Offshore Wind Project.  *See* Compl. Prayer for Relief, 18 (seeking vacatur of the Project's Record of Decision and COP).

US Wind has indicated that the company does not intend to begin offshore construction on wind projects, including the Maryland Offshore Wind Project, until 2028. The Daily Record, https://origintdrdev.wpengine.com/2024/12/04/us-wind-hoping-to-begin-construction-of-ocean-city-project-in-2026/.  Additionally, one of US Wind's permits is currently under appeal by the Environmental Protection Agency's Environmental Appeals Board, which may delay construction further.  Env't  Appeals  Bd.  Docket  for  US  Wind,  Inc, https://yosemite.epa.gov/OA/EAB_WEB_Docket.nsf/DocketsByAppeal/OCS+25-01.  A stay of this case pending a decision on the motion to voluntarily vacate and remand is therefore unlikely to impact US Wind, because offshore construction is not expected to begin for several years.  And US Wind can have no interest in successfully defending in this litigation a version of its plan and permits that are subsequently vacated and/or modified.  And if the Maryland court denies the motion to remand, a brief stay will not affect the company's construction timeline.

As a result, Plaintiff and US Wind are "unlikely to be prejudiced by a stay that could reduce the burden of litigation on [all] parties." *Cunningham v. Homeside Fin.*, LLC, No. MJG-17-cv-2088, 2017 WL 5970719, at *2 (D. Md. Dec. 1, 2017); *Friends of Animals v. Williams*, 628 F.

8

Supp. 3d 71, 78 (D.D.C. 2022) ("Given the resource efficiencies inherent in the possibility of [the

agency] providing [the plaintiff] . . . the relief it seeks without the need for further litigation, this

delay of potentially unnecessary litigation is not the sort of undue prejudice that defeats a request

for voluntary remand.").

Finally, to the extent that a stay could result in any prejudice to either non-moving party,

those concerns are outweighed by the countervailing interests of the Court and Federal Defendants.

*See, e.g., WildEarth Guardians v. U.S. Army Corps of Eng'rs*, No. 15-cv-00159 WJ/KBM, 2016

WL 9777189, at *5 (D.N.M. June 17, 2016) (granting a stay where "denying the request for a stay

would prejudice [agency defendants] more seriously than it would harm [p]laintiff"); *Nat. Res.

Def. Council*, 2015 WL 3750305, at *14 (finding that plaintiffs' claims of prejudice "do not

overcome the potential efficiencies to be gained from the imposition of a brief stay").  There is

nothing to be gained in litigating the merits of a decision that is subject to being vacated and

remanded to the agency based on proceedings in another court.

## CONCLUSION

A stay of this case pending the District of Maryland's decision on remand is necessary to

avoid significant hardship to Federal Defendants, and the interests of judicial economy strongly

favor a stay.  As further discussed above, a stay would not prejudice Plaintiff or US Wind.  The

Court should stay this case until after the District of Maryland's decision on the forthcoming

motion to remand and vacate, and the parties should be directed to file a status report within

fourteen days of that decision.

Dated: August 22, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

JULIANNE E. MURRAY
United States Attorney

_/s/_       _Devon L. Tice_

Devon L. Tice, Trial Attorney
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-598-1444
Email: devon.tice@usdoj.gov

William E. LaRosa
Assistant United States Attorney
P.O. Box 2046
Wilmington, DE 19899-2046
Tel: (302) 573-6205
Email: William.LaRosa@usdoj.gov

*Counsel for Federal Defendants*

11



**DEPARTMENT OF THE ARMY**
U. S. ARMY CORPS OF ENGINEERS, BALTIMORE DISTRICT
ATTN: REGULATORY BRANCH
2 HOPKINS PLAZA
BALTIMORE, MARYLAND 21201-2930

January 16, 2025

Operations Division

US Wind, Incorporated
c/o Mr. Jeffery Grybowski
401 East Pratt Street, Suite 1810
Baltimore, MD 21202

Dear Mr. Grybowski:

This is in reference to the status of your Department of the Army permit NAB-2020-60863-M30 (US Wind, Inc. MD Offshore Wind Energy/FAST-41). This office is in receipt of your required fee and a copy of the permit you signed on January 3, 2025, indicating your acceptance of its terms and conditions.

Enclosed is your permit that has been dated and validated with the appropriate Baltimore District signatures (Enclosure 1). Also, enclosed is a yellow card, ENG Form 4336, (Enclosure 2) which must be conspicuously displayed at the site of work prior to commencement of construction. Upon completion of the authorized work and required mitigation, you are required to complete the enclosed compliance certification form (Enclosure 3) and return it to this office. Please include your Corps permit number NAB-2020-60863-M30 (US Wind, Inc. MD Offshore Wind Energy/FAST-41) on your submittal and the subject line of the email to the following email address: nab-regulatory@usace.army.mil.

You may proceed with the construction indicated therein, provided you have obtained all other required state and/or local authorizations.

A copy of this letter is also being forwarded to Bureau of Ocean Energy Management, National Marine Fisheries Service, Department of Natural Resources and Environmental Control, and Maryland Department of the Environment for informational purposes.

Case 1:25-cv-00152-GBW    Document 28-1    Filed 08/22/25    Page 2 of 7 PageID #: 312
Case 1:24-cv-03111-SAG    Document 78-1    Filed 09/04/25    Page 14 of 21

-2-

If you have any questions concerning this matter, please contact Ms. Erica Schmidt, of this office, at 410-962-6029 or via email at erica.schmidt@usace.army.mil.

Sincerely,

Digitally signed by
PERA.FRANCIS.BALAYE.1029
339330
Date: 2025.01.15 15:40:20
-05'00'

Francis B. Pera
Colonel, U.S. Army
Commander and District Engineer

Enclosures

To identify how we can better serve you, we need your help. Please take the time to fill out our new customer service survey at:
https://regulatory.ops.usace.army.mil/customer-service-survey/



**DEPARTMENT OF THE ARMY**
U. S. ARMY CORPS OF ENGINEERS, BALTIMORE DISTRICT
2 HOPKINS PLAZA
BALTIMORE, MARYLAND 21201-2930

DEPARTMENT OF THE ARMY PERMIT
Individual Permit

Permittee must have a copy of this permit available on site or upon request.

Application Name and Permit Number: NAB-2020-60863-M34 (US Wind, Inc. - MD Offshore Wind Energy/FAST-41)

Issuing Office:          U.S. Army Engineer District, Baltimore
                         Corps of Engineers
                         2 Hopkins Plaza
                         Baltimore, MD 21201

Permittee:               US Wind, Incorporated
                         c/o Mr. Jeffery Grybowski
                         401 East Pratt Street, Suite 1810
                         Baltimore, MD 21202

NOTE: The term "you" and its derivatives, as used in this permit, means the permittee or any future transferee. The term "this office" refers to the appropriate district or division office of the Corps of Engineers having jurisdiction over the permitted activity or the appropriate official of that office acting under the authority of the commanding officer.

You are authorized to perform work in accordance with the terms and conditions specified below.

Project Description: To develop an offshore wind project generating up to two (2 gigawatts of generating capacity within the OCS-A 0490 (the Lease) area off the Coast of Maryland on the Outer Continental Shelf. The development includes the construction of 114 wind turbine generators, up to four (4) offshore substations, and one (1 meteorological tower with associated scour protection for each structure and inter array cables in the approximate 80,000-acre lease area. Placement of interconnect cables to the onshore electric grid through up to four (4) new export cables that traverse from the lease area in the Atlantic Ocean to land at 3R's beach through horizontal directional drilling, traversing the Indian River Bay and Indian River to make landfall via horizontal directional drilling at the existing Indian River Substation in Millsboro, Delaware. To hydraulically dredge as needed no more than 74,000 cubic yards of material within Indian River for access to install the export cables, with the dredged material piped to a substation property for dewatering and return water piped back into Indian River. To redevelop existing properties in Ocean City Harbor, West Ocean City, Maryland for an Operation and Maintenance Facility, with work including removal of the existing pier, wharf, and floating dock and replacement with a pier, concrete wharf, bulkhead, and timber fenders and wave screens.

Enclosure 1

Project Location:

The proposed project is located at the Bureau of Ocean Energy Management Renewable Energy Lease Area OCS-A 0490 approximately 11.5 miles off the coast of Maryland on the outer continental shelf, with export cable landfall in the vicinity of Indian River Inlet connecting to the existing Indian River Substation in Millsboro, Delaware. The operations and maintenance facility is located in Ocean City Harbor, West Ocean City, Maryland.

Permit Conditions:

General Conditions:

1.  Permittee must have a copy of this permit available on site or upon request.

2.  The time limit for completing the work authorized ends on December 31, 2030. If you find that you need more time to complete the authorized activity, submit your request for a time extension to this office for consideration at least one month before the above date is reached.

3.  You must maintain the activity authorized by this permit in good condition and in conformance with the terms and conditions of this permit. You are not relieved of this requirement if you abandon the permitted activity, although you may make a good faith transfer to a third party in compliance with General Condition 5 below. Should you wish to cease to maintain the authorized activity, or should you desire to abandon it without a good faith transfer, you must obtain a modification of this permit from this office, which may require restoration of the area.

4.  If you discover any previously unknown historic or archeological remains while accomplishing the activity authorized by this permit, you must immediately notify this office of what you have found. We will initiate the federal and state coordination required to determine if the remains warrant a recovery effort or if the site is eligible for listing in the National Register of Historic Places.

5.  If you sell the property associated with this permit, you must obtain the signature of the new owner in the space provided below on the Transfer Form and forward a copy of the permit to this office to validate the transfer of this authorization.

6.  If a conditioned water quality certification has been issued for your project, you must comply with conditions specified in the certification(s) as special conditions to this permit. For your convenience, a copy of the certifications for Maryland and Delaware are attached (Attachments 1 and 2 of Enclosure 1).

7.  You must allow representatives from this office to inspect the authorized activity at any time deemed necessary to ensure that it is being or has been accomplished in accordance with the terms and conditions of your permit.

8.  Please note that as of the date of this authorization, your project is in compliance with Section 7 of the Endangered Species Act. However, new species may be listed or additional populations found. Therefore, it is your responsibility to ensure that construction of the authorized work does not adversely affect any existing or newly listed federally endangered or threatened species. Information on threatened and endangered species and their critical habitat can be obtained from the offices of the United States Fish and Wildlife Service and National Marine Fisheries Service or their web pages at: https://ecos.fws.gov/ipac and https://www.greateratlantic.fisheries.noaa.gov/protected/section7/guidance/maps/index.html respectively.

Special Conditions:

1.  In addition to the general conditions, you must comply with the enclosed special conditions attached hereto and made a part hereof. (Attachment 3 of Enclosure 1)

Further Information:

1.  Congressional Authorities: You have been authorized to undertake the activity described above:

To construct structures and/or conduct work in or affecting "navigable waters of the United States" pursuant to

 X    Section 10 of the Rivers and Harbors Act of 1899 (33 U.S.C. 403).

To discharge fill into waters of the United States pursuant to:

 X    Section 404 of the Clean Water Act (33 U.S.C. 1344).

To make alterations to, or temporarily or permanently occupy or use, a Corps of Engineers federally authorized civil works projects pursuant to:

 X    Section 408 of the Clean Water Act (33 U.S.C. 408 .

To transport dredged material for the purpose of dumping it into ocean waters pursuant to:

     Section 103 of the Marine Protection, Research and Sanctuaries Act of 1972 (33 U.S.C. 1413).

2.  Limits of this authorization.

    a.  This permit does not obviate the need to obtain other federal, state, or local authorizations required by law or to comply with the appropriate local critical area regulations.

b.  This permit does not grant any property rights or exclusive privileges.

c.  This permit does not authorize any injury to the property or rights of others.

d.  This permit does not authorize interference with any existing or proposed federal projects.

3.  Limits of federal liability. In issuing this permit, the federal government does not assume any liability for the following:

a.  Damages to the permitted project or uses thereof as a result of other permitted or unpermitted activities or from natural causes.

b.  Damages to the permitted project or uses thereof as a result of current or future activities undertaken by or on behalf of the United States in the public interest.

c.  Damages to persons, property, or to other permitted or unpermitted activities or structures caused by the activity authorized by this permit.

d.  Design or construction deficiencies associated with the permitted work.

e.  Damage claims associated with any future modification, suspension, or revocation of this permit.

4.  Reliance on Applicant's Data. The determination of this office that issuance of this permit is not contrary to the public interest was made in reliance on the information you provided.

5.  Reevaluation of Permit Decision. This office may reevaluate its decision on this permit at any time the circumstances warrant. Circumstances that could require a reevaluation include, but are not limited to, the following:

a.  You fail to comply with the terms and conditions of this permit.

b.  The information provided by you in support of your permit application proves to have been false, incomplete, or inaccurate  see 4 above).

c.  Significant new information surfaces which this office did not consider in reaching the original public interest decision.

Such a reevaluation may result in a determination that it is appropriate to use the suspension, modification, and revocation procedures contained in 33 CFR 325.7 or enforcement procedures such as those contained in 33 CFR 326.4 and 326.5. The referenced enforcement procedures provide for the issuance of an administrative order requiring you comply with the terms and conditions of your permit and for the initiation of legal action where appropriate. You will be required to pay for any corrective measures ordered by this office, and if you fail to comply with such directive, this office may in

certain situations (such as those specified in 33 CFR 209.170) accomplish the corrective measures by contract or otherwise and bill you for the cost.

6. Extensions. General Condition 2 establishes a time limit for the completion of the activity authorized by this permit. Unless there are circumstances requiring either a prompt completion of the authorized activity or a reevaluation of the public interest decision, the Corps will normally give favorable consideration to a request for an extension of this time limit.

Your signature below, as permittee, indicates that you accept and agree to comply with the terms and conditions of this permit.

Dfue '

This permit becomes effective when the federal official, designated to act for the Secretary of the Army, has signed below.

Digitally signed by
PERA.FRANCIS.BALAYE.1029339
330
Date: 2025.01.16 07:13:43 -05'00'

January 16, 2025

Francis B. Pera                                              Date
Colonel, U.S. Army
Commander and District Engineer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD E. BINTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-00152-GBW |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR, et al. ) | |
| ) | |
| Defendants, ) | |
| and ) | |
| ) | |
| US WIND, Inc., ) | |
| ) | |
| Defendant-Intervenor. ) | |
| ) | |

### [PROPOSED] ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO STAY

Upon consideration of Federal Defendants' Motion to Stay this Case (the "Motion"), it is

hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is **GRANTED** as set forth herein;

2.     The above-captioned action shall be stayed pending the District of Maryland's

ruling on a forthcoming motion to voluntarily remand and vacate the Department of Interior's

approval of the Construction and Operations Plan for the Maryland Offshore Wind Project, which

shall be filed no later than September 12, 2025 in *Mayor & City Council of Ocean City* v. *U.S.*

*Department of the Interior et al*, No. 1:24-cv-3111 (D. Md. 2024); and

1

3.     Within 14 days of the District of Maryland's decision, the parties shall submit a status report, which shall address whether the parties propose to continue the stay, submit a proposed schedule for further proceedings, or recommend that the action be dismissed as moot.

_____

**HONORABLE RICHARD G. ANDREWS**
**UNITED STATES DISTRICT JUDGE**

Date: _____