IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>*Federal Defendants,*<br>and<br><br>US WIND, INC.<br><br>*Defendant-Intervenor*. | Case No.: 1:24-cv-03111-SAG |

**FEDERAL DEFFENDANTS' REPLY TO DEFENDANT-INTERVENOR'S OPPOSITION TO THE JOINT OPPOSED MOTION TO ENTER A BRIEFING SCHEDULE AND DEFER FEDERAL DEFNEDANTS' DEADLINE TO ANSWER**

Federal Defendants request that the Court enter Federal Defendants and Plaintiffs' proposed briefing schedule as the most appropriate course for resolving the Department of the Interior's forthcoming motion to remand. ECF No. 74. Additionally, Federal Defendants ask the Court to defer Federal Defendants' deadline to respond to the Amended Complaint. *Id.*

Defendant-Intervenor's opposition provides no compelling reason to deny the schedule negotiated by Plaintiffs and Federal Defendants. ECF No. 78 ("Opp."). Instead, Defendant-Intervenor's opposition attempts to circumvent Federal Defendants' forthcoming motion to voluntarily remand by forcing the parties and the Court to proceed to the merits before Federal Defendants' motion is even filed. Defendant-Intervenor's suggestion overlooks the initial question of remand completely, relies solely on out-of-circuit precedent, and would be unduly burdensome on the Court and on the parties. Thus, the Court should reject Defendant-

1

Intervenor's arguments, enter Federal Defendants and Plaintiffs' proposed schedule, and defer Federal Defendants' answer until after the forthcoming motion is decided, as follows:

1. Interior has informed the parties and the Court that it is reconsidering its prior COP approval, which is precisely the BOEM action Plaintiffs challenge here. Interior has broad authority to reconsider its own decision-making. *See FCC v. Fox Television Stations*, 556 U.S. 502, 515 (2009); *see also The Last Best Beef, LLC v. Dudas*, 506 F.3d 333, 340 (4th Cir. 2007) (noting "it would be 'an abuse of discretion to prevent an agency from acting to cure . . . legal defects.'" (quoting *Citizens Against the Pellissippi Pkwy. Extension v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004)). Because reconsideration of the COP may substantially impact this case, Federal Defendants will be moving to remand Interior's COP approval. Along with remand, Interior intends to seek vacatur of the COP approval and dismissal of Plaintiffs' claims without prejudice. Federal Defendants will be filing their remand motion no later than September 12. But of course, that motion is still forthcoming. Federal Defendants' and Plaintiffs' present motion has not yet placed the substance of those planned remand and vacatur requests before the Court. The point is simply to facilitate briefing and court proceedings in recognition of that forthcoming motion.

2. Federal Defendants and Plaintiffs propose a negotiated briefing schedule that would allow the Court to resolve these issues while preserving judicial economy and party resources. *See* ECF No. 74. Defendant-Intervenor's alternate proposal does the opposite.

3. First, Defendant-Intervenor's contentions are not reasons to prevent Federal Defendants from filing the planned motion for remand—they are arguments against vacatur in general and should be assessed during the normal course of briefing on the forthcoming motion. Defendant-Intervenor's primary assertion is that "[c]ertification of an administrative record and merits briefing is a prerequisite to entertaining the Federal Defendants' forthcoming request for

vacatur." Opp. ¶ 15. That contention is wrong and completely overlooks that the question of whether to remand is a separate question from whether to vacate. It is unnecessary for the Court to evaluate the merits of Plaintiffs' claims—or Defendant-Intervenor's nonjusticiable cross-claims predicated on Federal Defendants' mere intention to reconsider and file a motion to remand—before deciding whether to remand. Instead, to decide whether to remand, the Court need only consider the agency's reasoning for seeking remand, the impact on the non-moving parties, and whether remand would resolve the litigation more efficiently. *See Sierra Club v. National Marine Fisheries Serv.*, 711 F. Supp. 3d 522, 535 (D. Md. 2024). Indeed, in all but one case that Defendant-Intervenor relies on for its merits-first argument—which are all out-of-circuit and do not state the Fourth Circuit's standard for remand with vacatur—the courts determined whether to remand (and in fact granted the agencies' requests for remand) before turning to the question of vacatur and whether a merits decision was necessary. *See* Opp ¶¶ 15–16. And in the single case Defendant-Intervenor cites that considered both remand and vacatur together, *Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 5 (D.D.C. 2009), the court denied the defendants' request because the agency action was a rulemaking subject to notice and comment before being repealed. *See id.* That is not at issue here for this informal adjudication. Even so, the Court need not decide these issues now in the context of a scheduling motion. Defendant-Intervenor may raise these and any other opposition to both remand and vacatur in their response to the forthcoming motion under the schedule that Federal Defendants and Plaintiffs propose. But those arguments are not reasons to force a merits decision before the Court decides whether remand is appropriate and whether vacatur should follow.

4. Second, Defendant-Intervenor's merits-first suggestion would only create needless work for the Court and for all parties. Interior is reconsidering its COP approval and will be filing a

motion to remand with vacatur. At the end of the day, there may be a new agency action related to the COP that either Plaintiffs or Defendant-Intervenor seek to challenge. Thus, any merits briefing or preparation and review of administrative record materials, based on a decision that may soon no longer be the live decision at issue, would be a waste of all parties' resources.

5. Finally, there is good cause to extend Federal Defendants' deadline to respond to Plaintiffs' Amended Complaint. The outcome of the Court's decision on Federal Defendants' forthcoming motion may substantially modify or moot Plaintiffs' claims. It would be a considerable waste of agency resources and the parties' time to prepare and review an answer to claims that may not go forward, and for the agency to defend a decision it is currently re-evaluating. What is more, if the case moves forward to the merits after remand, judicial review of the federal agency action will be based on the Administrative Record that was before the agency, not pleadings and procedures—such as Answers to Complaints—used to find facts and resolve typical civil actions. *See, e.g., Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" was not the appropriate vehicle for initiating judicial review under the APA). Forcing Federal Defendants to answer the Amended Complaint now before the Court has ruled on the forthcoming remand motion would not provide any economies or benefits to the Court or the parties.

For these reasons, Federal Defendants request that the Court enter the briefing schedule proposed by Federal Defendants and Plaintiffs and defer Federal Defendants' deadline to respond to the Amended Complaint.

Dated: September 5, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General


*/s/ Samuel Vice*
SAMUEL VICE, Trial Attorney
CA Bar No. 324687
DEVON TICE, Trial Attorney
CA Bar No. 357918
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-514-4352 (Tice)
Email: devon.tice@usdoj.gov
Tel: 202-305-0434 (Vice)
Email: samuel.vice@usdoj.gov

BONNIE BALLARD
Trial Attorney, Maryland Bar No. 2211280027
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-1513
Fax: (202) 305-0275
Email: bonnie.m.ballard@usdoj.gov

*Attorneys for Federal Defendants*