Troutman Pepper Locke LLP
701 8th Street, N.W., Suite 500
Washington, DC 20001

**troutman**
**pepper locke**

troutman.com

**Toyja Kelley**
D 202.220.6939
F 202.315.3873
toyja.kelley@troutman.com

September 30, 2025

**VIA ECF:**

The Honorable Stephanie A. Gallagher
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201
MDD_SAGchambers@mdd.uscourts.gov

Re:     **Ocean City, Maryland, et al. v. United States Dept' of the Interior et al.**
        **Civil Action No. 1:24-cv-03111-SAG**

Dear Judge Gallagher:

Last week, the parties conferred in good faith in an effort to agree upon a comprehensive schedule to govern the progression of this case. Unfortunately, those efforts have been unsuccessful. The primary difficulty arises from a material change in position by the Federal Defendants. During the meet and confer, the Federal Defendants informed the other parties that they had decided not to "pursue" their recently filed motion for remand/vacatur. When asked to clarify whether the federal defendants intended to withdraw the motion to vacate/vacatur, they responded that they were not going to withdraw the motion. Instead, they advised that they intended to pursue a stay of the case so that they could "reconsider the COP."

This unusual change in the Federal Defendant's posture on the motion to remand/vacatur creates significant challenges to the parties' ability to reach agreement on a comprehensive schedule, as instructed. Specifically, it is US Wind's position that it does not know which substantive issues remain live to address in its planned briefing, it does not know how long it needs to prepare its planned briefing, and, perhaps most troubling, there is great risk that without formally withdrawing their motion for remand/vacatur, the Federal Defendants later switch their position once again after US Wind has already taken substantive positions in reliance on the Federal Defendant's current statement that they do not plan to "pursue" their filed motion for remand/vacatur. Furthermore, it is US Wind's position that a stay is not a proper procedure to permit the Federal Defendants to claw back for reconsideration a final federal project approval that

143947943v.1

is already subject to challenge under the Court's jurisdiction. We, therefore, need to resolve this issue in order to finalize the briefing schedule.

We have conferred with both counsel for the Plaintiffs and with counsel for the Federal Defendants and they take no position on our request for a status conference. Accordingly, we respectfully request that the Court convene a status conference at its earliest convenience to address these issues so that the parties can establish an appropriate comprehensive schedule based on settled motions practice so that the case may proceed efficiently. We thank the Court for its attention to this matter.

Regards,

**TROUTMAN PEPPER LOCKE LLP**

Toyja E. Kelley, Sr.

cc: All counsel of record (via ECF)