IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **MAYOR AND CITY COUNCIL OF OCEAN CITY MARYLAND**, *et al.* | \* |
| Plaintiffs/Cross-Defendants | \* |
| v. | \* |
| **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.* | \*   Civil Action No: 1:24-cv-03111-SAG |
| Defendants/Cross-Defendants | \* |
| and | \* |
| **US WIND, INC.** | \* |
| Defendant-Intervenor/Cross-Plaintiff | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**US WIND, INC.'S OPPOSITION TO MOTION TO STAY OF FEDERAL DEFENDANTS/CROSS-DEFENDANTS**

Defendant-Intervenor US Wind Inc. ("US Wind"), by undersigned counsel, opposes the Motion of Federal Defendants/Cross-Defendants ("the Government") for a Temporary Stay of Further Proceedings In Light of Lapse of Appropriations (the "Motion") (ECF No. 86), and states as follows:

1. While US Wind appreciates the exigent circumstances in which the Government finds itself in due to the recent and ongoing lapse in appropriations, the Motion arrives in the midst of a different set of exigent circumstances that are unique to this litigation and that have been created by the Government itself.

2. On September 12, 2025, the Government moved this Court for voluntary remand and vacatur of the Bureau of Ocean Energy Management's ("BOEM") approval of US Wind's

Construction and Operations Plan ("COP") (ECF No. 81)—an action that would effectively kill the Maryland Offshore Wind Project ("the Project") that is the subject of this litigation and that would cause US Wind catastrophic and irreparable financial and reputational harm.

3. As set forth in US Wind's letter to the Court on September 30, 2025 (ECF No. 85), there is now substantial uncertainty regarding whether or not the Government will pursue its remand and vacatur motion—or some other motion intended to reverse the Project's COP approval.

4. Where there is *not* uncertainty, however, is the Government's determination to claw back US Wind's COP approval. As noted in US Wind's September 30 letter, the Government has not repudiated its motion for remand and vacatur. Moreover, there is a very real risk that the Government will take adverse action against the COP approval (and potentially other federal permitting approvals that Plaintiffs have put at issue in this matter) outside of this litigation. This risk was laid bare in the September 17, 2025 status conference, where counsel for the Government stated that "we don't believe that a remand is strictly necessary for the agency to reconsider the decision at issue," Status Conference Transcript ("Tr.") at 4:11-13, and that BOEM "intends to reconsider the COP approval regardless of what happens with the pending [remand and vacatur] motion." *Id.* at 5:1-3. This risk is affirmed by, *inter alia*, adverse actions the Government has taken recently with respect to other offshore wind projects with final COP approvals. *See, e.g., Revolution Wind, LLC V. Burgum et al.,* 1:25-cv-2999 (D.D.C.) (filed Sept. 4, 2025); Federal Defendants' Motion and Memorandum In Support of Voluntary Remand and Stay, *Town and County of Nantucket, Mass. v. Burgum*, No. 1:25-cv-00906 [ECF No. 21] (D.D.C. Sept. 18, 2025); Federal Defendants' Motion and Memorandum In Support of Voluntary Remand and Stay, *Save Long Beach Island, Inc. v. U.S. Dep't of Comm.*, No. 1:25-cv-02211 [ECF No. 13] (D.D.C. Sept. 26, 2025).

5. The recent lapse in appropriations does not diminish this risk, as it would not necessarily prevent the Government from taking extra-judicial actions against US Wind's COP approval (and potentially other federal approvals) during the pendency of a government shutdown. Notably, while the Government claims the shutdown prevents U.S. Department of Justice ("USDOJ") lawyers from attending to the case, they do not claim that the shutdown will prevent the Government's operational personnel from continuing their efforts to undermine the COP approval. Indeed, such adverse actions by the Government would constitute an abuse of the judicial process; they would deprive this Court of its authority to decide the merits of US Wind's COP approval prior to ruling on whether the Government is legally allowed to reverse such approval—whether through a court order or through well-established agency regulatory processes. Tr. at 20:24-25:5 ("For vacatur I think I would probably need a more fulsome record. But even for remand, I would want at least the pertinent parts of the administrative record if you're asking for the Court to formally bless a remand[.]").

6. A stay would be inappropriate at this juncture, considering the imminent and existential risks that US Wind faces given (a) the Government's abandonment of its defense of the Project; and (b) the high likelihood that the Government will independently act on its decision to revoke its COP approval without allowing this Court an opportunity to timely consider the various motions discussed during the September 18, 2025 status conference. *See, e.g., United States v. US Airways Grp., Inc.*, 979 F. Supp. 2d 33, 34–35 (D.D.C. 2013) (denying government request to issue stay of merger case due to government shutdown, citing affirmative actions of government, amount of money at stake, and various vested interests in timely adjudication of case); *see also Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., Edwards, J.,

concurring) (denying stay during government shutdown, collecting cases reaching similar results, noting that continued government participation in litigation is consistent with 31 U.S.C. § 1342).

7.  The Government is also incorrect that it is prohibited by statute from continuing to respond in this matter. Motion ¶ 2. While 31 U.S.C. § 1342 prohibits the federal government from accepting voluntary services "exceeding [those] authorized by law," current USDOJ policy recognizes that the Court's denial of a stay request "would constitute express legal authorization for [the Government's continued and timely participation in this lawsuit] to continue." USDOJ, "U.S. Department of Justice FY 2026 Contingency Plan," (Sep. 29, 2025), *available at* https://www.justice.gov/jmd/media/1377216/dl.

8.  Alternatively, US Wind requests that in the event this Court decides to grant the Government's request for a stay, it also invokes its inherent authorities to require the Government to maintain the *status quo* with respect to each of the federal approvals at issue in this litigation during the pendency of the stay. *See Green v. Prince George's Cnty. Off. of Child Support*, 641 B.R. 820, 837–38 (D. Md. 2022), aff'd, No. 22-1705, 2023 WL 3051812 (4th Cir. Apr. 24, 2023) ("Federal courts have inherent authority to enjoin litigants from abusing the judicial process[.]"), *citing* In re Weiss 111 F.3d 1159, 1171 (4th Cir. 1997); *see also Matter of Grace Ocean Priv. Ltd.*, No. CV 24-00941-JKB, 2024 WL 4392087, at *1 (D. Md. Oct. 2, 2024) (invoking inherent authority to require party to ensure employees remain in the court's jurisdiction through the conclusion of proceedings).

9.  To the extent this Court deems it necessary or helpful, US Wind respectfully requests the opportunity to present its position on the Government's Motion at the upcoming October 7, 2025 status conference. If the Court grants the stay and does not hold the scheduled

status conference, US Wind further requests that this status conference be convened upon the lifting of the stay to discuss the matters outlined in its September 30 letter to the Court.

Dated: <u>October 2, 2025</u>                                  Respectfully submitted,

By: <u>/s/ Toyja E. Kelley, Sr.</u>
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)
Emily Huggins Jones (*pro hac vice*)
Gregory L. Waterworth (D. Md. Bar No. 20938)
**TROUTMAN PEPPER LOCKE LLP**
701 8th Street, N.W., Suite 500
Washington, D.C. 20001
Telephone: (202) 220-6900
Facsimile: (202) 220-6945
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com

Hilary Tompkins (*pro hac vice*)
Sean Marotta (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617
hilary.tompkins@hoganlovells.com
sean.marotta@hoganlovells.com

David Newmann (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market St., 23d Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
david.newmann@hoganlovells.com

***Attorneys for Defendant-Intervenor US Wind, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, which will give notice of the filing to all counsel of record.

By: */s/ Toyja E. Kelley, Sr.*
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)
