UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF OCEAN CITY, et al.,<br><br>    Plaintiffs/Counter-Defendants,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants/Cross-Defendants,<br><br>and<br><br>US WIND, INC.,<br><br>    Defendant-Intervenor/Counter-Plaintiff/Cross-Plaintiff. | Case No. 1:24-cv-03111-SAG |

**Plaintiffs' Reply in Support of Motion to Dismiss Counterclaim**

Bruce F. Bright (Bar No. 27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
bbright@ajgalaw.com

Nancie G. Marzulla (pro hac vice)
Roger J. Marzulla (pro hac vice)
Marzulla Law, LLC
1150 Connecticut Ave., NW
Suite 1050
Washington, DC 20036
(202) 822-6760
nancie@marzulla.com
roger@marzulla.com

Dated: October 22, 2025                                         Counsel for Plaintiffs

**Table of Contents**

Table of Authorities ........................................................................................................................ ii

Glossary ........................................................................................................................................ iv

Argument ....................................................................................................................................... 2

    1.    The Counterclaim fails to allege any unlawful act or state any cognizable cause of action against Plaintiffs. ............................................................................................................... 2

        A.    The APA provides a cause of action only to review federal agency actions, not the actions of private parties. ................................................................................................. 3

        B.    USW's OCSLA claim is wholly undefended and waived. ............................................. 4

        C.    The Fifth Amendment claim against Plaintiffs fails because Plaintiffs are not federal actors and have not deprived USW of property. ..................................................... 5

        D.    USW fails to respond at all to Plaintiffs' motion to dismiss Counts VI-X, waiving those claims. ................................................................................................................. 6

    2.    Rule 19 has no application here: Rule 19 governs joinder of absent parties. ................. 7

    3.    USW fails to show that its economic injuries fall within the zone of interests of NEPA, ESA, MMPA or NHPA and so lacks standing to bring those claims. .......................................... 9

    4.    USW has waived its Counterclaims by failing to respond to Plaintiffs' arguments. ........ 11

Conclusion ................................................................................................................................... 12

**Table of Authorities**

**Cases**

*Abbott Lab'ys v. Gardner*,
    387 U.S. 136 (1967) .................................................................................................................. 3
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................. 3
*Clarke v. Sec. Indus. Ass'n*,
    479 U.S. 388 (1987) ................................................................................................................ 10
*Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*,
    603 U.S. 799 (2024) .................................................................................................................. 3
*Daulatzai v. Maryland*,
    340 F.R.D. 99 (D. Md. 2021) .................................................................................................... 5
*Dubois v. U.S. Dep't of Agric.*,
    102 F.3d 1273 (1st Cir. 1996) ................................................................................................. 10
*E.E.O.C. v. Peabody W. Coal Co.*,
    400 F.3d 774 (9th Cir. 2005) .................................................................................................... 8
*Evans v. City of Lynchburg*,
    766 F. Supp. 3d 614 (W.D. Va. 2025) .................................................................................... 11
*Fenner v. Bruce Manor, Inc.*,
    409 F. Supp. 1332 (D. Md. 1976) ............................................................................................. 6
*Flaherty v. Bryson*,
    850 F. Supp. 2d 38 (D.D.C. 2012) .......................................................................................... 10
*Franklin v. Massachusetts*,
    505 U.S. 788 (1992) .................................................................................................................. 3
*Freilich v. Bd. of Dirs. of Upper Chesapeake Health, Inc.*,
    142 F. Supp. 2d 679 (D. Md. 2001) .......................................................................................... 6
*Grayson O Co. v. Agadir Int'l LLC*,
    856 F.3d 307 (4th Cir. 2017) .................................................................................................. 11
*Green Oceans v. United States Dep't of the Interior*,
    No. 1:24-CV-141-RCL, 2025 WL 973540 (D.D.C. Apr. 1, 2025) ......................................... 10
*Guindon v. Pritzker*,
    31 F. Supp. 3d 169 (D.D.C. 2014) .......................................................................................... 10
*Kinetic Concepts, Inc. v. Convatec Inc.*,
    No. 1:08CV00918, 2010 WL 1667285 (M.D.N.C. Apr. 23, 2010) ........................................ 11
*Leaf Tobacco Exporters Ass'n, Inc. v. Block*,
    749 F.2d 1106 (4th Cir. 1984) ................................................................................................ 10
*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ............................................................................................................ 9, 10
*Pac. Nw. Generating Co-op. v. Brown*,
    38 F.3d 1058 (9th Cir. 1994) .................................................................................................. 10
*Parker v. Am. Brokers Conduit*,
    179 F. Supp. 3d 509 (D. Md. 2016) .......................................................................................... 5

*Presidio Golf Club v. Nat'l Park Serv.*,
   155 F.3d 1153 (9th Cir. 1998) ............................................................................................... 11
*Pye v. United States*,
   269 F.3d 459 (4th Cir. 2001) ................................................................................................. 10
*Sierra Club v. Hodel*,
   848 F.2d 1068 (10th Cir. 1988) ............................................................................................... 8
*Solis v. Prince George's Cnty.*,
   153 F. Supp. 2d 793 (D. Md. 2001) ........................................................................................ 6
*Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*,
   301 F. Supp. 3d 50 (D.D.C. 2018) ........................................................................................ 10
*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ................................................................................................................ 10
*Stevenson v. City of Seat Pleasant, Md.*,
   743 F.3d 411 (4th Cir. 2014) ................................................................................................. 11
*Taubman Realty Grp. Ltd. P'ship v. Mineta*,
   320 F.3d 475 (4th Cir. 2003) ................................................................................................. 10

**Statutes**

16 U.S.C. §§ 1371 ......................................................................................................................... 2
16 U.S.C. §§ 1531–1544 ............................................................................................................... 2
42 U.S.C. §§ 4321–4370h ............................................................................................................. 2
43 U.S.C. § 1349(a)(1) .................................................................................................................. 4
43 U.S.C. §§ 1337(p)(4) ................................................................................................................ 2
5 U.S.C. § 702 ............................................................................................................................... 3
5 U.S.C. §§ 701–706 ..................................................................................................................... 2
54 U.S.C. §§ 300101–307108 ....................................................................................................... 2

**Rules**

Fed. R. Civ. P. 19 .......................................................................................................................... 7

**Glossary**

| Abbreviation | Definition |
|---|---|
| APA | Administrative Procedure Act |
| BOEM | Bureau of Ocean Energy Management |
| COP | Construction and Operations Plan |
| ESA | Endangered Species Act |
| EIS | Environmental Impact Statement |
| MMPA | Marine Mammal Protection Act |
| NEPA | National Environmental Policy Act |
| NHPA | National Historic Preservation Act |
| OCSLA | Outer Continental Shelf Lands Act |
| ROD | Record of Decision |
| USW | US Wind, Inc. |

US Wind, Inc. ("USW")'s response to Plaintiffs' Motion to Dismiss wrongly focuses on its alleged standing to bring purported statutory and constitutional claims arising from the federal project approvals, asserting those claims against Plaintiffs (as Counter-Defendants) solely because Plaintiffs have an interest in the outcome of this lawsuit. As pleaded, USW's Counterclaim alleges collusion between Plaintiffs and the federal Defendants, improperly includes Plaintiffs as Counter-Defendants to statutory claims, improperly seeks injunctive relief against Plaintiffs, and improperly seeks an award of attorney's fees from Plaintiffs—all without any colorable legal basis.

USW's Counterclaim rests entirely on its assertion that "'the Federal Defendants have made a final decision to withdraw the [Construction and Operations Plan] approval and thereby terminate the Project,'"[1] and its incorrect assertion that Plaintiffs, Mayor and City Council of Ocean City, et al., are somehow responsible for that final decision.

USW's reliance on Federal Rule of Civil Procedure 19 (joinder of absent parties) is misplaced, for Rule 19 has nothing to do with this case because Plaintiffs are not absent—they filed this suit and therefore are parties already bound by whatever rulings the Court makes in this case.

That USW is regulated by various environmental statutes also does not give it standing to challenge the Government's alleged non-environmental decision to revoke its approval of the Project's Construction and Operations Plan ("COP").

This Court should grant Plaintiffs' Motion to Dismiss this Counterclaim.

---

[1] US Wind's Opp. to Mot. to Dismiss at 14, ECF No. 90 (Oct. 8, 2025) (quoting US Wind's Counterclaim and Crossclaim ¶ 55, ECF No. 77 (Sept. 3, 2025)).

**Argument**

1. **The Counterclaim fails to allege any unlawful act or state any cognizable cause of action against Plaintiffs.**

In their Memorandum in Support of Motion to Dismiss Counterclaim, Plaintiffs explained that USW alleges no misconduct by any Plaintiff, and that the statutes USW purports to rely on (Administrative Procedure Act ("APA"),[2] National Environmental Policy Act ("NEPA"),[3] Endangered Species Act ("ESA"),[4] Marine Mammal Protection Act ("MMPA"),[5] National Historic Preservation Act ("NHPA"),[6] and Outer Continental Shelf Lands Act ("OCSLA")[7]) provide no cause of action against these non-federal parties. The only actions of Plaintiffs that USW alleges in its Counterclaim are unsupported allegations of "Plaintiffs' efforts 'to block development of the Project through their claims asserted in this case . . . as well as through direct and indirect extrajudicial communications with the Federal Defendants.'"[8]

Even if the allegations were true, which they are not, USW fails to offer any explanation of how those completely lawful and constitutionally protected acts can possibly give rise to any of the causes of action alleged in its Counterclaim, choosing instead to argue that, under Rule 19, USW need not allege any cause of action at all.[9]

---

[2] 5 U.S.C. §§ 701–706.
[3] 42 U.S.C. §§ 4321–4370h.
[4] 16 U.S.C. §§ 1531–1544.
[5] 16 U.S.C. §§ 1371.
[6] 54 U.S.C. §§ 300101–307108.
[7] 43 U.S.C. §§ 1337(p)(4).
[8] US Wind's Opp. to Mot. to Dismiss at 8, ECF No. 90 (Oct. 8, 2025) (quoting US Wind's Counterclaim and Crossclaim ¶ 4, ECF No. 77 (Sept. 3, 2025)).
[9] US Wind's Opp. to Mot. to Dismiss at 5–9, ECF No. 90 (Oct. 8, 2025).

Because USW fails to support its Counterclaim with any factual matter, even accepted as true, that "state[s] a claim to relief that is plausible on its face,"[10] the Counterclaim should be dismissed under Rule 12(b)(6).

### A. The APA provides a cause of action only to review federal agency actions, not the actions of private parties.

The APA authorizes review only of federal agency conduct, not the actions or statements of non-federal parties.[11] USW fails to refute the central flaw in Counts I, II, and III of its Counterclaim against Plaintiffs: the APA provides review only of federal agency conduct, not the acts of private parties such as Plaintiffs. The APA "sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts,"[12] and "authorizes persons injured by agency action to obtain judicial review by suing the United States or one of its agencies, officers, or employees."[13]

USW cannot identify any "agency action" by these Plaintiffs because they are not federal agencies. What USW focuses on in its opposition is the actions allegedly taken by the Bureau of Ocean Energy Management ("BOEM"): "[T]he Federal Defendants have made a final decision to withdraw the COP approval and thereby terminate the Project."[14] But again, even accepting those allegations as true, the only actors capable of taking this "final agency action" as defined in the APA are Federal Defendants, not Plaintiffs.

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *See* 5 U.S.C. § 702.
[12] *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992).
[13] *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 807 (2024) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 140–41 (1967)).
[14] US Wind's Opp. to Mot. to Dismiss at 14, ECF No. 90 (Oct. 8, 2025) (quoting US Wind's Counterclaim and Crossclaim ¶ 55, ECF No. 77 (Sept. 3, 2025)).

Plaintiffs are not federal decisionmakers; they cannot approve a permit, revoke a permit, or reconsider a permit. And while Plaintiffs may agree that the Project approvals should be remanded, vacated, or withdrawn, such agreement does not transform them into federal actors or their agreement into federal action reviewable under the APA.

USW's argument that "Plaintiffs have decided to abandon those [APA] claims in favor of vacatur and remand"[15] is false. What Plaintiffs have stated is that (1) the Court should grant remand and vacatur, and (2) then the Court should dismiss their claims without prejudice because they are moot. Again, agreeing with proposed federal agency action is not federal agency action reviewable under the APA.

Because Plaintiffs are not federal actors, and USW has not alleged that they have taken any agency action giving rise to a claim under APA, Counts I through III fail to state a claim and should be dismissed with prejudice.

B.  **USW's OCSLA claim is wholly undefended and waived.**

USW does not respond to Plaintiffs' point that Count IV fails to allege any statutory violation giving rise to a claim for relief against them. OCSLA governs activities conducted on the Outer Continental Shelf and authorizes citizen suits only to compel compliance with the Act or its regulations.[16] USW does not allege that Plaintiffs have undertaken any activity on the Outer Continental Shelf, violated any OCSLA regulation, or committed any act that could constitute a violation of the statute. USW does not and cannot deny that Plaintiffs are not federal lessees, permittees, or operators. Nor does USW request any order compelling Plaintiffs to comply with OCSLA—the sole remedy available under the citizens' suit provision.

---

[15] US Wind's Opp. to Mot. to Dismiss at 18, ECF No. 90 (Oct. 8, 2025).
[16] 43 U.S.C. § 1349(a)(1).

4

Plaintiffs only alleged actions—filing this suit challenging the Project's federal approvals and communicating with federal officials and elected representatives regarding the approvals—are not violations of OCSLA. USW does not even argue that Plaintiffs have performed or authorized any offshore exploration, development, or production—activities regulated under OCSLA.

USW's failure to defend its OCSLA claim by identifying any specific duty owed or action taken by Plaintiffs under OCSLA effectively concedes the point.[17] Because the Counterclaim challenges only federal conduct and seeks no relief available from Plaintiffs under the Act, Count IV of the Counterclaim should be dismissed against these Plaintiffs with prejudice.

### C. The Fifth Amendment claim against Plaintiffs fails because Plaintiffs are not federal actors and have not deprived USW of property.

Plaintiffs' motion to dismiss Count V explained that the Fifth Amendment applies only to federal government actions and does not govern relations between private parties like Plaintiffs and USW.[18] USW's opposition fails to address that defect. USW cites no case holding that the Fifth Amendment may give rise to a constitutional claim against non-federal defendants, and it offers no allegations that Plaintiffs acted under color of federal law, as federal agents, at federal direction, or that they even acted at all. That silence is telling.

USW focuses solely on whether it possesses a protectable property interest. But even assuming such an interest exists, which we do not agree it does, the Fifth Amendment is violated

---

[17] *See generally Daulatzai v. Maryland*, 340 F.R.D. 99 (D. Md. 2021) (court is authorized to rule on a motion to dismiss and dismiss the suit based on the unopposed arguments presented in the motion); *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509 (D. Md. 2016) (party's failure to oppose dispositive arguments in a motion to dismiss effectively concedes those arguments, making the complaint susceptible to dismissal).

[18] Pls.' Memo. in Supp. of Mot. to Dismiss at 17–18, ECF No. 83-1 (Sept. 24, 2025).

only by *federal action* that deprives a party of property.[19] Plaintiffs are local governments, private entities, and individuals. They have no role in BOEM's permitting decisions, no power to approve or withdraw the COP, and no authority to condemn any of USW's alleged property rights that could implicate the Fifth Amendment.

Federal courts are uniform on this point: "[T]he Fifth Amendment restricts only actions of the federal government, and not actions of private parties."[20] USW identifies no contrary authority and alleges no act taken by Plaintiffs that could constitute a constitutional deprivation. USW's Fifth Amendment claim therefore fails as a matter of law.

USW's opposition again tacitly concedes this point because it reads as if directed to the federal Defendants, not to the local and private Plaintiffs who have taken no action and hold no authority capable of effecting a constitutional deprivation. Because the Fifth Amendment does not apply to non-federal actors such as Plaintiffs, and USW alleges no facts bringing Plaintiffs within that scope, Count V fails to state a claim and should be dismissed with prejudice.

**D. USW fails to respond at all to Plaintiffs' motion to dismiss Counts VI-X, waiving those claims.**

USW also chose not to respond at all to Plaintiffs' motion to dismiss the last five causes of action in its Counterclaim.[21] The unrefuted fact is that the Counterclaim does not allege any actions taken by Plaintiffs that could possibly be construed as violations of the cited statutes. Plaintiffs did not:

---

[19] US Wind's Opp. to Mot. to Dismiss at 18–21, ECF No. 90 (Oct. 8, 2025).
[20] *Freilich v. Bd. of Dirs. of Upper Chesapeake Health, Inc.*, 142 F. Supp. 2d 679, 691 (D. Md. 2001); *see also Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 803 (D. Md. 2001) ("The Due Process Clause of the Fifth Amendment applies only to the conduct of the United States or a federal action."); *Fenner v. Bruce Manor, Inc.*, 409 F. Supp. 1332, 1343 (D. Md. 1976) ("The due process clause of the Fifth Amendment applies to and restricts only the federal government and not private persons.").
[21] *See* Pls.' Memo. in Supp. of Mot. to Dismiss at 17-18, ECF No. 83-1 (Sept. 24, 2025).

- Approve or disapprove the Construction and Operations Plan for the Project (Count VI: BOEM Approved the COP in Accordance with Applicable Law)

- Adopt the Record of Decision or the Environmental Impact Study (Count VII: BOEM Adopted the ROD and Final EIS in Accordance with Applicable Law)

- Prepare or adopt the Biological Opinion (Count VIII: NMFS' Biological Opinion Complied with Applicable Law)

- Issue the Letter of Authorization (Count IX: NMFS Issued the LOA in Accordance with Applicable Law)

- Conduct the National Historic Preservation Act process (Count X: BOEM Conducted its NHPA Section 106 Process in Accordance with Applicable Law)

Because those five causes of action fail to allege any act or violation by Plaintiffs—they all allege actions by the federal agencies—and USW has not presented any argument or fact that state a claim against Plaintiffs, claims VI-X of USW's Counterclaim should be dismissed.

**2.      Rule 19 has no application here: Rule 19 governs joinder of absent parties.**

Rule 19 requires joinder of absent persons where "(A) *in that person's absence*, the court cannot accord complete relief among existing parties; or (B) . . . *disposing of the action in the person's absence* may . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]"[22] Rule 19 has no application where, as here, Plaintiffs are present—not absent—and are already bound by any orders and judgments entered in this case. USW cites no case—and we can think of none—in which Rule 19 applies to an existing party to the case.

---

[22] Fed. R. Civ. P. 19 (emphasis added).

7

USW speculates that Plaintiffs could dismiss the suit, becoming absent from the case. But those are not the facts here—Plaintiffs are not absent and have not filed a motion for voluntary dismissal, so Rule 19 does not apply.

USW argues that its failure to state claims under APA, OCSLA, and the Fifth Amendment is "beside the point" because "Plaintiffs are necessary parties under Rule 19(a)(1) and thus 'must be joined' to the Cross Claim, regardless of whether [USW] has any direct claims against them."[23] But this is a nonsensical argument because Rule 19 again deals with the joinder of absent parties—not parties like Plaintiffs who filed the case and are already before the Court. Both cases USW relies on for its Rule 19 argument involve joinder of absent parties.[24] One of the two cases USW relies on underscores the fact that Rule 19 applies only in instances where the issue is whether absent party should be joined. In *Sierra Club v. Hodel*,[25] which was an APA suit to invalidate a Government-granted permit allowing the County to build a road across federal land, the court in dictum stated that Rule 19 joinder of the County would have been appropriate—*but the County was already a defendant*.[26] Here Plaintiffs are parties and do not hold the permits (USW does), and have no plans or authority to engage in construction that would interfere with a suit to invalidate USW's permits.

USW's joinder argument—and its entire counterclaim for that matter—rests on events that, despite USW's allegations, have not occurred. While USW asserts that BOEM has issued a final decision withdrawing the Construction and Operations Plan approvals, no such order or action yet exists. BOEM has not withdrawn the Plan, no remand or vacatur order has issued, and

---

[23] US Wind's Opp. to Mot. to Dismiss at 9, ECF No. 90 (Oct. 8, 2025).
[24] *See generally E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774 (9th Cir. 2005); *Sierra Club v. Hodel*, 848 F.2d 1068 (10th Cir. 1988).
[25] *Sierra Club v. Hodel*, 848 F.2d 1068 (10th Cir. 1988).
[26] *Id.* at 1077.

there is no "new" final agency action before this Court. Rule 19 governs only the parties necessary to resolve the case actually before the Court—not hypothetical disputes that may arise from potential future agency decisions.

USW's speculation about future "inconsistent obligations"[27] fails for the same reason. Rule 19 addresses actual conflicting legal duties, not hypothetical conflicts that might arise from future agency actions. Plaintiffs are already parties to this case, so there is no absence to cure and no basis for mandatory joinder.

Nor does the suggestion that Plaintiffs might seek to dismiss and then "refile" claims change the analysis. Each BOEM approval is a distinct "final agency action" subject to separate review if issued. The possibility of future litigation is not a cognizable basis for joinder, and Rule 19 cannot be used to preemptively shield USW's federal approvals from future challenges. The only actors capable of creating inconsistent obligations are the Federal Defendants—and they are already before the Court.

3. **USW fails to show that its economic injuries fall within the zone of interests of NEPA, ESA, MMPA or NHPA and so lacks standing to bring those claims.**

Contrary to what USW argues, being regulated under a statute does not itself place a party within that statute's zone of interests. Such a standard would swallow the standing requirement since every person and every entity in the United States is regulated in one or many ways. The zone of interest test focuses on what the statute protects, not whom it regulates.[28] NEPA, the ESA, the MMPA, and the NHPA were enacted to protect environmental, wildlife, and

---

[27] US Wind's Opp. to Mot. to Dismiss at 7, ECF No. 90 (Oct. 8, 2025).
[28] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014) (the question is not whether the statute regulates the plaintiff but "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim").

9

cultural resources and to ensure informed federal decision-making[29]—not to secure a developer's economic expectations or preserve its government approvals. Courts have recognized that a developer's commercial interests generally do not fall within the environmental or procedural purposes these statutes protect.[30]

      USW erroneously argues that the zone of interest test for standing is a prudential standard, not an Article III requirement. But, as the Supreme Court has explained, "[a]lthough we admittedly have placed that test under the 'prudential' rubric in the past, . . . it does not belong there[.]"[31] Instead, "[w]hether a plaintiff comes within the zone of interests is an issue that requires us to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim."[32] USW does not assert that it has environmental or historic preservation interests falling within the zones of interest of the ESA, MMPA, NEPA, and NHPA—and so lacks standing for Counts VII-X of its Counterclaim.

      Although it is true that economic interests do not disqualify a party from bringing suit under statutes like NEPA, economic interest alone does not satisfy NEPA's standing requirement.[33] The same is true for ESA, MMPA and NHPA.[34] USW cannot overcome its lack of

---

[29] *Dubois v. U.S. Dep't of Agric.*, 102 F.3d 1273, 1282–83 (1st Cir. 1996); *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 301 F. Supp. 3d 50, 61 (D.D.C. 2018); *Guindon v. Pritzker*, 31 F. Supp. 3d 169, 187 (D.D.C. 2014); *Flaherty v. Bryson*, 850 F. Supp. 2d 38, 48 (D.D.C. 2012); *Pye v. United States*, 269 F.3d 459, 470 (4th Cir. 2001); *Green Oceans v. United States Dep't of the Interior*, No. 1:24-CV-141-RCL, 2025 WL 973540, at *10 (D.D.C. Apr. 1, 2025).
[30] *Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 481 (4th Cir. 2003) (project proponent's financial interests not within NEPA's zone of interests); *Leaf Tobacco Exporters Ass'n, Inc. v. Block*, 749 F.2d 1106, 1115 (4th Cir. 1984) (economic interests "inconsistent with congressional purpose" implicit in the statute).
[31] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).
[32] *Id.* at 127 (internal quotations omitted) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998); *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 394–395 (1987)).
[33] *See Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 481 (4th Cir. 2003).
[34] *See Pac. Nw. Generating Co-op. v. Brown*, 38 F.3d 1058, 1067 (9th Cir. 1994) ("The plaintiffs are entitled to standing because preservation of the salmon will, in the long run, reduce their cost.

standing to assert these environmental and historic preservation claims because it has suffered no environmental or historic preservation injury. Just the opposite—USW argues that it has the benefit of all the permits and approvals it needs under these statutes—it is not challenging those approvals and permits but defending them.

Without injury-in-fact there is no standing and no claim under any of these statutes—and they should be dismissed.

4.      **USW has waived its Counterclaims by failing to respond to Plaintiffs' arguments.**

Failure to respond to a dispositive argument constitutes waiver.[35] When a party fails "to respond to conspicuous, nonfrivolous arguments in an opponent's brief," the corresponding claims are deemed abandoned.[36] Courts in this circuit and nationwide routinely dismiss such unaddressed claims.[37] The rule is simple: failure to respond constitutes waiver; USW failed to respond; therefore, its claims are waived.

That rule applies directly here. Plaintiffs' motion explained that the Administrative Procedure Act applies only to federal agency action, that the Fifth Amendment restricts only federal conduct, that OCSLA allows suit only for an actual violation of its provisions, and that the environmental statutes cited—NEPA, ESA, MMPA, and NHPA—when combined with the allegations, impose duties only on federal agencies. USW's opposition does not respond to these arguments. USW cites no statute imposing a duty on Plaintiffs, alleges no conduct by Plaintiffs

---

But the plaintiffs are not entitled to standing simply to complain about the additional cost imposed on hydropower. Nothing in the Endangered Species Act confers a cause of action for that purpose."); *see Presidio Golf Club v. Nat'l Park Serv.*, 155 F.3d 1153, 1157–1158 (9th Cir. 1998) ("Purely economic interests do not fall within the zone of interests to be protected by NEPA or NHPA.").

[35] *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017)*; Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 (4th Cir. 2014).
[36] *Evans v. City of Lynchburg*, 766 F. Supp. 3d 614, 618 (W.D. Va. 2025).
[37] *See Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1667285, at *5–6 (M.D.N.C. Apr. 23, 2010) (collecting cases).

that could violate federal law, and offers no basis for relief against them. USW's brief focuses solely on BOEM's potential or hypothetical actions, not on anything Plaintiffs have done or could do. By failing to engage with the grounds raised in Plaintiffs' motion, USW has waived those issues.

By failing to respond to these dispositive issues, USW concedes them and each counterclaim brought against Plaintiffs should be dismissed with prejudice.

**Conclusion**

The Counterclaim should be dismissed with prejudice.

Respectfully submitted,

/s/ Bruce F. Bright
Bruce F. Bright (Bar No. 27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
bbright@ajgalaw.com

/s/ Nancie G. Marzulla
Nancie G. Marzulla (pro hac vice)
Marzulla Law, LLC
1150 Connecticut Ave., NW
Suite 1050
Washington, DC 20036
(202) 822-6760
nancie@marzulla.com

/s/ Roger J. Marzulla
Roger J. Marzulla (pro hac vice)
Marzulla Law, LLC
1150 Connecticut Ave., NW
Suite 1050
Washington, DC 20036
(202) 822-6760
roger@marzulla.com

Dated: October 22, 2025                                                                 Counsel for Plaintiffs