IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **MAYOR AND CITY COUNCIL OF OCEAN CITY MARYLAND**, *et al.* | * |
| Plaintiffs, | * |
| v. | |
| **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.* | * Civil Action No: 1:24-cv-03111-SAG |
| | * |
| Defendants, | |
| and | * |
| **US WIND, INC.** | |
| Defendant-Intervenor. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**US WIND INC'S RESPONSE TO
JOINT MOTION OF PLAINTIFFS AND FEDERAL DEFENDANTS TO HOLD
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IN ABEYANCE**

Defendant-Intervenor US Wind Inc. ("US Wind"), by undersigned counsel, responds to the Joint Motion of Plaintiffs and Federal Defendants to Hold Plaintiffs' Motion for Preliminary Injunction in Abeyance (the "Joint Motion") (ECF No. 113), and states as follows:

1. US Wind opposes Plaintiffs' and the Federal Defendants' request for concurrence with the Joint Motion due to confusion regarding the content of, and rationales for, the Joint Motion. Through an email at 9:47 a.m. on November 24, 2025, counsel for Plaintiffs contacted US Wind stating:

> We are going to request a stay of our motion for a preliminary injunction until BOEM completes its review of the COP. If the agency decides to vacate the COP, then our motion is moot. If,

1

>however, the agency approves the COP as is, we will move forward with our motion.

*See* Email Chain attached as Exhibit A.

2.      Counsel for the Federal Defendants followed up that same day at 11:29 a.m. communicating via email to US Wind:

>Federal Defendants have agreed to join a motion to hold Plaintiffs' PI motion in abeyance until cross-motions for summary judgment on Plaintiffs' claims are decided, or Plaintiff notifies the Court about a need to proceed with the preliminary injunction motion. Now that the parties have agreed on an AR deadline and have a general timeline for summary judgment briefing, we believe the merits of Plaintiffs claims can be decided before any of the feared irreparable injuries would occur. Federal Defendants have agreed to provide notice to Plaintiffs of any offshore construction or any changes to the construction schedule.

*Id.*

3.      Based on these statements, it was unclear to US Wind why Plaintiffs and the Federal Defendants were requesting that Plaintiffs' Motion for Preliminary Injunction ("Plaintiffs' PI Motion") be held in abeyance instead of simply withdrawing the motion, as well as what triggering event(s) would cause Plaintiffs' PI Motion to no longer be held in abeyance.

4.      Now that the Joint Motion has been filed, the Plaintiffs' and Federal Defendants' position is slightly clearer, and the Joint Motion appears even less appropriate than at first blush.

5.      To start, Plaintiffs' PI Motion takes the position that, prior to a ruling on the merits in this case, US Wind should be precluded from exercising its Lease rights under the approved COP. This Court already has flatly rejected that position, holding that determination on the merits is required before any adverse action against the COP or the Project could be taken. In this alone Plaintiffs' PI Motion is baseless.

6. Notwithstanding the above, the Plaintiffs and Federal Defendants continue to spin the narrative that it is permissible for BOEM at any time, under any circumstance, to conduct a review of the COP, notwithstanding the fact that the COP Approval currently is under this Court's jurisdiction, with the Federal Defendants' Motion to Remand and Vacate the COP presently held in abeyance. Their coordinated position on this point is troubling, to say the least, where the Plaintiffs appear to have welcomed their adversary – the Federal Defendants – into their team and given them broad license to determine the fate of the COP, separate from their own lawsuit.

7. Equally concerning is, unbeknownst to US Wind, Plaintiffs and the Federal Defendants have been conferring about this case and reached several agreements as detailed in the Joint Motion, including the Department of the Interior agreeing "to give notice to Plaintiffs within 30 days after receiving notice from US Wind that construction is expected to commence offshore" and "to notify Plaintiffs of any changes to the OCS construction schedule within 30 days of receiving notice from US Wind." ECF No. 113 ¶ 3. Inexplicably, Federal Defendants made this agreement without consulting with US Wind.

8. Plaintiffs concede that "[i[n light of those commitments and the anticipated merits briefing schedule… immediate and irreparable harm to them is less likely to materialize before the Court can resolve Plaintiffs' claims on the merits." *Id.*

9. Setting aside the propriety of such communications concerning US Wind's project and the subject matter of this suit without US Wind, abeyance hardly seems appropriate in light of Plaintiffs' admission to the Court that they are not presently suffering irreparable harm—an absolute prerequisite for receiving a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

10. Despite this concession, Plaintiffs seek to "reserve their right to lift the abeyance on their preliminary injunction motion when appropriate and warranted in Plaintiffs view, including after BOEM completes its re-evaluation of the COP approval," *id.,* thereby keeping their PI Motion in indefinite limbo, hanging like a sword of Damocles over US Wind's head until Plaintiffs decide otherwise. This is neither proper nor necessary in light of Plaintiffs' concession that imminent and irreparable harms to them are unlikely to materialize any time soon—obviating the need for preliminary injunctive relief.

11. Additionally, Plaintiffs themselves appear to recognize that their PI Motion is unnecessary. Plaintiffs' PI Motion details circumstances that Plaintiffs acknowledge no longer believe warrants a preliminary injunction. Plaintiffs, however, wish to have their cake and eat it too, by keeping their PI Motion at the ready due to some unknown, potential future threat. And after some hypothetical future "triggering event," it is reasonable to assume Plaintiffs will seek to amend their PI Motion to customize it to the hypothetical situation that has yet to be known. This scenario planning exercise leads us down the rabbit hole, where US Wind now must seek to invoke its interests in a hypothetical fashion anticipating the new basis for Plaintiffs' triggering their PI Motion, or in response to an amended PI motion.

12. In sum, the solution proposed in the Joint Motion is needlessly messy and unwarranted. Plaintiffs' PI Motion should be voluntarily withdrawn or denied.

13. Notwithstanding the above, should the Court deny the Joint Motion and not deny Plaintiffs' PI Motion outright, US Wind respectfully requests a one-week extension of its current December 5, 2025 deadline to oppose Plaintiffs' PI Motion to address the new representations contained in the Joint Motion.

14. For these reasons, Defendant-Intervenor US Wind Inc. respectfully requests that the Court deny the Joint Motion, and instead, dismiss Plaintiffs' PI Motion should Plaintiffs refuse to voluntarily withdraw it.

Respectfully submitted,

Dated December 1, 2025

By:  */s/ Toyja E. Kelley*   .
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)
Emily Huggins Jones (*pro hac vice*)
Gregory L. Waterworth (D. Md. Bar No. 20938)
Noah J. Mason (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
701 8th Street, N.W.
Suite 500
Washington, D.C. 20001
Telephone: (202) 220-6900
Facsimile: (202) 220-6945
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com
noah.mason@troutman.com

Hilary Tompkins (*pro hac vice*)
Sean Marotta (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617
hilary.tompkins@hoganlovells.com
sean.marotta@hoganlovells.com

David Newmann (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market St., 23d Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
david.newmann@hoganlovells.com

***Attorneys for Defendant-Intervenor US Wind, Inc***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, which will give notice of the filing to all counsel of record.

By: */s/ Toyja E. Kelley* .
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)