**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND, *et al.*, )<br>)<br>*Plaintiffs*, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, )<br>)<br>*Federal Defendants*, )<br>and )<br>)<br>US WIND, INC. )<br>)<br>*Defendant-Intervenor*. ) | Case No.: 1:24-cv-03111-SAG |

**Plaintiffs' Reply in Support of Joint Motion to Hold**
**Preliminary Injunction Motion in Abeyance**

On November 25, 2025, Defendant, the United States, and Plaintiffs, Mayor and City Counsel of Ocean City, et al. (collectively "Ocean City") jointly asked this Court to hold Ocean City's cross-preliminary injunction motion in abeyance until the merits of the issues are resolved, or until Defendant, the United States, advises Ocean City that any irreversible construction activities will begin. The Joint Motion reflects a judicially efficient path forward that avoids unnecessary preliminary-injunction litigation where the Government has committed to provide advance notice of offshore construction and schedule changes, and where the parties are discussing a proposal for prompt adjudication on the merits. A ruling on the merits may moot the preliminary injunction motion. The opposition filed by Defendant-Intervenor, US Wind, Inc., mischaracterizes the joint motion, seeks to force unnecessary motion practice, and ignores the

Court's broad discretion to manage its docket and to hold matters in abeyance to conserve judicial and party resources. The Joint Motion should be granted.

**Argument**

1. **The Court Has Broad Discretion to Manage Its Docket and Hold Preliminary Injunction Proceedings in Abeyance to Promote Efficiency and Avoid Unnecessary Litigation.**

This Court has broad discretion to manage its docket, including the discretion to grant the Joint Motion.[1] The Joint Motion seeks to hold Ocean City's preliminary injunction motion in abeyance given an agreed merits schedule and the Government's commitment to provide advance notice to Ocean City of any offshore construction set to begin and any schedule changes; this is a framework intended to make sure the Court can hopefully resolve the merits before any irreparable injury could occur, and that judicial and litigant resources will not be expended on full litigation of the preliminary injunction request until and unless absolutely necessary.[2] As Ocean City explained in its motion for a preliminary injunction, once construction of the US Wind Project begins, the harm already affecting Ocean City Plaintiffs will be irreversible. To conserve the resources of the parties and the Court, the Government agreed that it would communicate any upcoming construction activities that would trigger an immediate need for intervention from the Court.[3] Government counsel also explained that the merits could be decided before any irreversible construction begins, thus mooting Ocean City's motion for a preliminary injunction.[4]

---

[1] *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").
[2] *See* ECF No 113.
[3] *Id*. at ¶ 3.
[4] *Id*.

2

The Joint Motion recited the Department of the Interior's commitment to notify Ocean City within 30 days after receiving notice from US Wind that construction is expected to begin offshore and to notify Ocean City of any changes to the Offshore Construction Schedule within 30 days of receiving notice from US Wind.[5] Ocean City acknowledged that, given those commitments and the anticipated merits briefing schedule, Ocean City can seek to dissolve the stay when irreparable harm is imminent.[6]

These concrete steps to sequence proceedings and to ensure adequate notice are precisely the circumstances in which courts exercise their discretion to hold preliminary injunction proceedings in abeyance pending the merits, thus conserving resources and avoiding potentially duplicative or moot satellite litigation.[7] US Wind cites no cases holding that a court should not grant this joint motion under these circumstances. US Wind's attempt to force immediate (and unnecessary) briefing—despite the parties' agreed path to merits adjudication and the Government's commitment to give Ocean City ample notice to seek resolution of its preliminary injunction motion—would needlessly burden the Court and the parties and risks motion practice that may prove unnecessary given the agreed schedule and notifications. The Court should decline that invitation and grant the Joint Motion, which outcome will prejudice no one including US Wind.

---

[5] *Id.*
[6] *Id.*
[7] *See, e.g., USA Farm Lab., Inc. v. Su*, 694 F. Supp. 3d 693, 700 (W.D.N.C. 2023) (noting court's decision to hold preliminary injunction motion in abeyance pending its decision on motion to dismiss); *see also Interim Healthcare, Inc. v. Durbin*, No. 21-CV-62561, 2022 WL 874092 (S.D. Fla. Mar. 24, 2022) (granting motion to hold a preliminary injunction motion in abeyance pending resolution of related matters); *California Oak Found. v. U.S. Forest Serv.*, No. CV-F-05-1395 OWW SMS, 2006 WL 2454438 (E.D. Cal. Aug. 23, 2006) (granting motion to hold preliminary injunction motion in abeyance to promote judicial efficiency and avoid piecemeal litigation).

**2.      US Wind's Assertion That Ocean City Must Withdraw Rather Than Seek Abeyance is Unsupported and Would Undermine Efficient Case Management.**

US Wind contends it was "unclear" why abeyance was requested instead of withdrawal and objects to unspecified "triggering event(s)" for lifting abeyance.[8] But as Ocean City and Government counsel have explained clearly, the abeyance would last until cross-motions for summary judgment are decided or Ocean City notifies the Court about a need to proceed with the preliminary injunction motion, with notice commitments designed to alert Plaintiffs if construction timing or schedules change.[9]

This framework identifies both the purpose and the endpoint of abeyance, and it allows the Court to revisit timing if circumstances change. Nothing in US Wind's response identifies prejudice from this approach, which conserves resources while safeguarding all parties' rights.[10]

**3.      US Wind Misreads the Joint Motion and the Requirements for Issuing a Preliminary Injunction.**

US Wind asserts that Oceans City "concede[s]" lack of irreparable harm and that abeyance is "inappropriate," citing *Winter v. Nat. Res. Def. Council, Inc*.[11] But as the Supreme Court stated in *Winter*, the standard for granting a preliminary injunction is that irreparable injury will occur if the injunction is not granted: "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."[12] As Ocean City explained in its briefing supporting its cross-motion for a preliminary injunction, the injury to the Ocean City Plaintiffs will be irreparable once

---

[8] *See* ECF No. 114 at ¶ 3.
[9] ECF No. 113 at ¶¶ 3, 5.
[10] *See id*. at ¶ 5 (providing that, "[s]hould Plaintiffs feel it necessary to lift the abeyance on their present motion, they will meet and confer with the other parties and thereafter file a notice with the Court as to their position").
[11] ECF No. 114 at ¶ 9 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).
[12] *Winter,* 555 U.S. at 22.

construction of the US Wind Project begins.[13] Ocean City has further satisfied the requirements for granting its motion for a preliminary injunction.[14]

In its Joint Motion, Ocean City stated that immediate and irreparable harm may not materialize before merits resolution given the notice commitments and schedule proposed in the joint motion for abeyance[15]—precisely why abeyance is sensible—not that irreparable harm can never occur. US Wind's argument misses the point of filing a preliminary injunction motion; the purpose of such a motion is that the injunction is granted *before* the injury materializes. After the injury occurs, it may be too late to seek a preliminary injunction . And the purpose of the abeyance motion is to avoid unnecessary preliminary injunction litigation where the timing of construction and the agreed notice regime reduce the likelihood that emergency relief will be needed before the Court reaches the merits. If circumstances change, the abeyance can be lifted; if they do not, the merits decision will obviate the need for preliminary injunctive relief.

**4.    US Wind's Request That the Court Dismiss or Deny the Preliminary Injunction Motion is Unjustified.**

In a bald overreach, US Wind urges the Court to deny the Joint Motion and dismiss or deny Ocean City's preliminary injunction motion outright.[16] This argument asks the Court to improperly prejudge the need for emergency relief even after being advised that the Government will provide construction and schedule-change notices to Ocean City if irreversible construction activities are about to occur. The more appropriate course is the one the Joint Motion proposes: hold the motion in abeyance, allow merits briefing to move forward, and permit Plaintiffs to rely on the notice commitments to ensure that if offshore construction timelines shift, the parties and

---

[13] *See* ECF No. 108-1 at 14-16.
[14] *See generally* ECF No. 108-1.
[15] *See* ECF No. 113 at ¶ 3.
[16] ECF No. 114 at ¶ 14.

the Court can promptly evaluate whether interim relief is necessary on an updated record. That approach preserves all parties' positions, avoids advisory rulings, and respects the Court's preference about addressing merits issues based on a full administrative record.

**5.     US Wind Identifies No Cognizable Prejudice From Abeyance; Its Complaints About Coordination and Notice Commitments Lack Merit.**

US Wind's statement that it was not "consulted" before the joint motion was filed is puzzling, if not misleading.[17] As the emails that US Wind attaches to its response confirm, Ocean City and the Government separately contacted counsel for US Wind about the proposal reflected in the motion,[18] after which counsel for the Company advised counsel that it would "object" to the motion.[19]

US Wind also suggests (in paragraph 7 of its Response) that there is something improper about counsel for Plaintiffs and counsel for the Government conferring directly and cooperatively with one another as to the matters presented in the abeyance request. Such *innuendo* is without any merit – there are no rules or other applicable law barring the type of discussions that have occurred in this instance; indeed, such discussions and cooperation are generally encouraged especially when the aim is to avoid wasted judicial time and resources, preserve rights and interests, and streamline costly litigation.

US Wind's "sword of Damocles" rhetoric falls short of identifying any concrete harm from granting the motion. The Company is in the same position it was before the motion to hold the preliminary injunction in abeyance was filed, except that, if the motion is granted, it need not file its response on Friday, December 5, 2025. The relief requested in the Joint Motion reduces

---

[17] ECF No. 114 at ¶ 7.
[18] *See* ECF No. 114-1.
[19] *Id.*

litigation burdens on all parties and the Court by pausing preliminary injunction litigation while the merits move forward and while notice mechanisms are in place.

**6.    If the Court Declines to Grant the Joint Motion, Ocean City Does Not Oppose Us Wind's Alternative Request for a Brief Extension to Respond.**

US Wind alternatively asks for a one-week extension of its current December 5, 2025, deadline to file its response to Ocean City's Cross-Motion for a Preliminary Injunction motion.[20] If the Court were to deny the Joint Motion, or if the Joint Motion remains pending on December 5, 2025 (US Wind's current deadline to file its response to the Cross-Motion for a Preliminary Injunction), Ocean City does not oppose the requested extension to ensure all parties can address the issues raised. Plaintiffs respectfully urge, however, that the more efficient course is to grant the Joint Motion and hold the preliminary injunction motion in abeyance given the merits schedule and notice commitments already identified by the Government and acknowledged by Ocean City.

**Conclusion**

The Court should grant the Joint Motion to hold Ocean City's preliminary injunction motion in abeyance pending resolution of the merits, consistent with and subject to the Government's notice commitments regarding offshore construction commencement and any schedule changes.

Respectfully submitted,

/s/ Bruce F. Bright
Bruce F. Bright (Bar No. 27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
bbright@ajgalaw.com

---

[20] ECF No. 114 at ¶ 13.

|  |  |
|---|---|
|  | /s/ Nancie G. Marzulla |
|  | Nancie G. Marzulla (pro hac vice) |
|  | Marzulla Law, LLC |
|  | 1150 Connecticut Ave., NW |
|  | Suite 1050 |
|  | Washington, DC 20036 |
|  | (202) 822-6760 |
|  | nancie@marzulla.com |
|  |  |
|  | /s/ Roger J. Marzulla |
|  | Roger J. Marzulla (pro hac vice) |
|  | Marzulla Law, LLC |
|  | 1150 Connecticut Ave., NW |
|  | Suite 1050 |
|  | Washington, DC 20036 |
|  | (202) 822-6760 |
|  | roger@marzulla.com |
| Dated: December 2, 2025 | Counsel for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, a true and correct copy of the foregoing document was served on all parties via the Court's electronic filing system.

/s/ Nancie G. Marzulla
Nancie G. Marzulla
