**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND, *et al.*,    ) ) )    *Plaintiffs*,   )  v.                                ) ) UNITED STATES DEPARTMENT OF  ) INTERIOR, *et al.*,               ) )    *Federal Defendants*,  ) and                              ) ) US WIND, INC.                      ) )    *Defendant-Intervenor*.    ) | Case No.: 1:24-cv-03111-SAG |

**JOINT CASE MANAGEMENT PLAN**

1

I. **Schedule for Lodging Administrative Record For Plaintiffs' Claims and Related Motions**

The Parties have agreed on the following deadlines for lodging the Administrative Record for resolving Plaintiffs' claims:

| | |
|---|---|
| **Certification of Administrative Record(s) for agency actions Plaintiffs challenge** | February 10, 2026. |
| **Plaintiffs/ US Wind raise any alleged insufficiencies of AR** | March 4, 2026 |
| **Motions to Complete Record(s) or for Extra-Record Evidence** | March 17, 2026 |

Should any party move to supplement the record(s) for, or for the court to consider extra-record evidence in its review of, the agency actions that Plaintiffs challenge, such motion will have the effect of vacating the summary judgment briefing schedule. The parties will present a new schedule within 14 days after the court's resolution of the motion to supplement the record or for extra-record evidence.

II. **Briefing Schedule for Plaintiffs' Claims**

The parties agree that Plaintiffs' claims should be resolved via cross-motions for summary judgment according to the following schedule:

| | |
|---|---|
| **Plaintiffs' file opening Motion for Summary Judgment** | April 13, 2026 |
| **Defending Parties' Combined Oppositions and Cross Motions** | May 28, 2026 |
| **Plaintiff's Combined Reply in Support of and Opposition to Cross Motions** | July 13, 2026 |
| **Defending Parties' Replies in Support of Cross Motions** | August 3, 2026 |

\\4164-8055-5874  v1

### III. Schedule for US Wind's Counter and Cross Claims

The Parties disagree as to whether adjudication of Plaintiffs' and US Wind's claims should occur simultaneously. The Parties' disputed positions on that issue are outlined below.

<u>Federal Defendants' and Plaintiffs' position</u>: Federal Defendants and Plaintiffs propose that Plaintiffs' claims and US Winds counter- and cross-claims should be adjudicated on different schedules because the claims challenge different alleged agency actions and because Plaintiffs and Federal Defendants have each moved to dismiss US Wind's claims.

First, briefing Plaintiffs' claims and US Wind's claims simultaneously is unnecessary and would not provide any added judicial economy because the claims challenge different alleged agency actions and will therefore have different administrative records and legal bases. Plaintiffs' claims challenge Federal Defendants approvals associated with US Wind and the related environmental reviews. *See* ECF No. 32 at 6. US Wind's claims are based on Federal Defendants' alleged "determination to vacate, rescind or otherwise withdraw or undermine the Federal Approvals." Cross Claims ¶ 55. Similarly, the administrative records would differ in, at a minimum, temporal scope. Though Federal Defendants dispute that US Wind has challenged a final agency action (and thus there is no administrative record to compile), the supposed action is based on events and documents that all occur after BOEM's COP approval and NMFS's Letter of Authorization—the actions Plaintiffs challenge in their claims. Thus, none of those post-COP approval documents would appropriately be included in an administrative record for Plaintiffs' claims. *See Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 467 (4th Cir. 2013) ("[A] court must only consider the record made before the agency at the time the agency

acted."). There is no reason to brief these disparate claims, based on different actions with different administrative records, at the same time.

Second, adjudicating the claims together would amount to a delay in resolving Plaintiffs' claims. That is because Federal Defendants and Plaintiffs have each filed dispositive motions to dismiss US Wind's cross claims and counter claims, respectively. Those motions need to be resolved before the parties turn to the merits of those cross and counter claims. Case management planning on US Wind's counter and cross claims makes little sense until the parties and the Court know which claims, if any, will proceed. *See MJ Enter. Holdings, Inc. v. Spiffy Franchising*, LLC, No. 1:24-cv-3194-RDB, 2025 LX 113244, at *4 (D. Md. Mar. 10, 2025) ("[A] motion that may resolve the entire action favors a stay on the basis of judicial economy.").

In the meantime, however, the parties can move forward with Plaintiffs claims, including lodging the administrative record and briefing cross motions for summary judgment. Should the Court resolve the pending motions to dismiss such that one or more of US Wind's claims survives, the parties can, if appropriate, revisit the schedule for Plaintiffs' claims and determine if there are any efficiencies to be gained by consolidating proceedings. But for present, the motions to dismiss should be resolved before discussing a case management plan for US Wind's claims.

For these reasons, it is Federal Defendants' and Plaintiffs' position that the Parties submit a schedule for resolution of any remaining US Wind claims 14 days after the Court rules on Plaintiff and Federal Defendants' motions to dismiss.

US Wind's position: US Wind understood that the Court directed the parties to reach agreement on a schedule for summary judgment as to all claims in this case. Accordingly, US Wind has diligently attempted to engage with Federal Defendants and Plaintiffs on a

3

comprehensive briefing schedule, agreeing on multiple occasions to accommodate Federal Defendants and Plaintiffs requests for additional time and deferral of briefing deadlines.

US Wind cannot, however, acquiesce to Federal Defendants' and Plaintiffs insistence on omitting any schedule for resolving US Wind's Cross Claims and Counterclaims on summary judgment. The Court asked the parties to propose an orderly schedule for resolving this case in its entirety and as such, US Wind has proposed a schedule that includes its Cross and Counterclaims. are

Federal Defendants' and Plaintiffs' theory that Plaintiffs' claims can be resolved separately from US Wind's claims is untenable. Federal Defendants are taking the position that they can reconsider their formal approval for the Project's Construction and Operation Plan at any time, regardless of how the Court decides the merits of Plaintiffs' claims, which demonstrates the need to resolve these issues globally with the benefit of the Court's direction.

Moreover, the whole notion that Federal Defendants will litigate Plaintiffs' claims adversely to Plaintiffs is not credible.. For the Court to consider the Federal Defendants' summary judgment briefing on Plaintiffs' claims, without simultaneously considering US Wind's challenge to the Federal Defendants' abandonment of their Lease and statutory obligations, would be a waste of judicial resources and a miscarriage of justice.

There is no reason why the parties cannot reach agreement on an orderly schedule for submission of the administrative record and summary judgment briefing as to both Plaintiffs' claims and US Wind's claims. US Wind submits that the scheduling for its claims should follow the model already agreed to for Plaintiffs' claims, starting with lodging of the administrative record on the agency actions challenged by US Wind (if any such record exists) 30 days after the date of the Court's ruling on the pending motions to dismiss. Supplementations of the administrative

record and briefing on cross motions for summary judgment would then proceed according to the intervals established by the agreed schedule for briefing summary judgment as to Plaintiffs' claims. The critical point is that Federal Defendants and Plaintiffs cannot permissibly ask the Court to decide summary judgment in this case without considering US Wind's Cross Claims on the merits.

Dated: December 8, 2025

Respectfully submitted,

By: */s/ Toyja E. Kelley*
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)
Emily Huggins Jones (*pro hac vice*)
Gregory L. Waterworth (D. Md. Bar No. 20938)
**TROUTMAN PEPPER LOCKE LLP**
701 8th Street, N.W., Suite 500
Washington, D.C. 20001
Telephone: (202) 220-6900
Facsimile: (202) 220-6945
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com

Hilary Tompkins (*pro hac vice*)
Sean Marotta (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617
hilary.tompkins@hoganlovells.com
sean.marotta@hoganlovells.com

David Newmann (*pro hac vice*)
**HOGAN LOVELLS US LLP**
1735 Market St., 23d Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
david.newmann@hoganlovells.com

*Attorneys for Defendant-Intervenor and Crossclaim Plaintiff US Wind, Inc.*

     */s/ Nanci G. Marzulla*
Nancie G. Marzulla (pro hac vice)
Roger J. Marzulla (pro hac vice)
**MARZULLA LAW, LLC**
1150 Connecticut Ave., NW
Suite 1050
Washington, DC 20036
(202) 822-6760

Bruce F. Bright (Bar No. 27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
bbright@ajgalaw.com

*Attorneys for Plaintiffs*

     */s/Adma Gustafson*
ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

DEVON TICE (CA Bar No. 357918)
SAMUEL VICE (CA Bar No. 324687)
Natural Resources Section
BONNIE BALLARD (MD Bar No. 2211280027)
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-514-4352 (Tice)
Email: devon.tice@usdoj.gov
Tel: 202-305-0434 (Vice)
Email: Samuel.vice@usdoj.gov
Tel: (202) 305-1513 (Ballard)
Email: bonnie.m.ballard@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify on December 8, 2025, I filed and served the foregoing motion on counsel of record through this Court's CM/ECF system.

By: <u>*/s/ Toyja E. Kelley*</u><br>
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)