IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **MAYOR AND CITY COUNCIL** | * |
| **OF OCEAN CITY MARYLAND**, *et al.* | |
| | * |
| Plaintiffs/Cross-Defendants | |
| | * |
| v. | |
| | * |
| **UNITED STATES DEPARTMENT** | |
| **OF THE INTERIOR,** *et al.* | *   Civil Action No: 1:24-cv-03111-SAG |
| Defendants/Cross-Defendants | * |
| and | * |
| **US WIND, INC.** | * |
| Defendant-Intervenor/Cross-Plaintiff | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant-Intervenor and Cross-Plaintiff US Wind Inc. ("US Wind") notifies the Court of supplemental authority pertinent to its pending Motion for Preliminary Injunction and the pending Motions to Dismiss US Wind's counter and cross claims. ECF Nos. 83, 92, and 105. On December 8, 2025, the U.S. District for the District of Massachusetts issued a Memorandum and Order in *State of New York, et al., v. Trump, et al.* No. 25-cv-11221-PBS, 2025 WL 3514301, attached hereto. In *New York v. Trump*, the Court evaluated the January 20, 2025 executive memorandum titled "Temporary Withdrawal of All Areas on the Outer Continental Shelf From Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects." 90 Fed. Reg. 8363 (Jan. 20, 2025) (the "Wind Memo") and the subsequent actions by multiple agencies pursuant to that directive to pause the issuance of all wind energy authorizations (the "Wind Order"). Among other rulings pertinent here, the Court found standing requirements satisfied based in part on the fact that the Wind Order has stalled "development

progress … for various of ACE NY's wind developer members" and held that the Wind Order constitutes final agency action because it "altered the legal status quo" under which the relevant agencies previously processed applications for leases, permits, and other authorizations necessary for wind project development" and because "[u]ntil full processing of applications related to wind energy projects resumes, no such project can move forward." Op. at 12, 21, 23. And the Court held that the Wind Order was arbitrary and capricious, based in part on Agency Defendants' "fail[ure] to account for reliance interests engendered by their previous policy of adjudicating wind permit applications," and contrary to law, based on its violations of APA procedural requirements. *Id.* at 37-38, 39-42. Accordingly, the Court vacated the Wind Order and declared it unlawful in violation of 5 U.S.C. § 706(2)(A) and (C). *Id.* at 47.

Dated: December 9, 2025

Respectfully submitted,

By: */s/ Toyja E. Kelley*
Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)
Emily Huggins Jones (*pro hac vice*)
Gregory L. Waterworth (D. Md. Bar No. 20938)
**TROUTMAN PEPPER LOCKE LLP**
701 8th Street, N.W., Suite 500
Washington, D.C. 20001
Telephone: (202) 220-6900
Facsimile: (202) 220-6945
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com

Hilary Tompkins (*pro hac vice*)
Sean Marotta (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617

2

>hilary.tompkins@hoganlovells.com
>sean.marotta@hoganlovells.com
>
>David Newmann (*pro hac vice*)
>**HOGAN LOVELLS US LLP**
>1735 Market St., 23d Floor
>Philadelphia, PA 19103
>Telephone: (267) 675-4600
>david.newmann@hoganlovells.com
>
>*Attorneys for Defendant-Intervenor and Crossclaim Plaintiff US Wind, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify on December 9, 2025, I filed and served the foregoing motion on counsel of record through this Court's CM/ECF system.

>By: */s/ Toyja E. Kelley*
>Toyja E. Kelley, Sr. (D. Md. Bar No. 26949)

3