IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.* <br><br> Defendants/Cross-Defendants, <br><br> and <br><br> US WIND, INC. <br><br> Defendant-Intervenor/Cross-Plaintiff. | Civil Case No.: SAG-24-03111 |

## MEMORANDUM OPINION

This case concerns Defendant-Intervenor US Wind, Inc.'s longstanding plan to construct an offshore wind project off the Atlantic Coast of Maryland. ECF 32. After the Department of the Interior ("DOI") approved the Construction and Operations Plan ("COP") for this project, a large group of public and private entities (collectively, "Plaintiffs") challenged the approval in this lawsuit against the DOI, the Bureau of Ocean Energy Management ("BOEM"), the National Marine Fisheries Service, and representatives of those agencies in their official capacities (collectively, "Federal Defendants"). *Id.* US Wind intervened in the lawsuit and then filed cross claims against Federal Defendants concerning what it perceives as Federal Defendants' decision to revoke the COP. ECF 77. Federal Defendants have now filed a motion to dismiss those cross claims, ECF 105, which US Wind opposed, ECF 122. Federal Defendants then filed a reply. ECF 129. US Wind also filed a motion for leave to file sur-reply. ECF 130.

This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, this Court will grant both US Wind's motion for leave to file sur-reply and Federal Defendants' motion to dismiss.

## I. BACKGROUND

US Wind holds a lease to construct and operate an offshore wind project off the Atlantic Coast of Maryland. ECF 32 ¶ 55. In December, 2024, the DOI formally approved US Wind's COP for this project. *Id.* ¶ 62. Plaintiffs brought this suit challenging the COP approval on several grounds. *See generally id.*

Shortly thereafter, President Trump took office and issued an executive memorandum titled "Temporary Withdrawal of All Areas on the Outer Continental Shelf From Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects." 90 Fed. Reg. 8363 (Jan. 20, 2025) (the "Presidential Wind Memo"). That memorandum directs the Secretary of the Interior to "conduct a comprehensive review of the ecological, economic, and environmental necessity of terminating or amending any existing wind energy leases, identifying any legal bases for such removal, and submit a report with recommendations to the President." *Id.* It also prohibits the issuance of new or renewed approvals of wind energy projects, pending a review of current wind leasing and permitting practices. *Id.* A court in the District of Massachusetts recently vacated as violative of the Administrative Procedure Act ("APA") an order issued by the Acting Secretary of the Interior implementing the suspension of new and renewed approvals pursuant to the Presidential Wind Memo. *New York v. Trump*, Civ. No. 25-cv-11221-PBS, 2025 WL 3514301, *18 (D. Mass. Dec. 8, 2025).

In this case, in August, 2025, Federal Defendants indicated that they would file a motion to remand and vacate the COP approval. ECF 74. In response, US Wind amended its answer to

lodge cross claims against Federal Defendants. ECF 77. In Counts I–V, US Wind has alleged that the perceived revocation of the COP approval violates the APA, the Outer Continental Shelf Lands Act ("OCSLA"), and the Due Process Clause of the Fifth Amendment. *Id.* In Counts VI–X, US Wind further seeks declaratory judgments that the COP and its approval process complied with several of the statutes that Plaintiffs, in their complaint, have alleged that the COP and its approval process violated. *Id.*

Shortly thereafter, Federal Defendants filed a motion to remand and vacate the COP approval, citing BOEM's intent to reconsider the COP approval pursuant to the Presidential Wind Memo. ECF 81. Alongside this motion, Federal Defendants filed a declaration of Adam Suess (the "Suess Declaration"). ECF 81-1.

The following facts are derived from the Suess Declaration. *Id.* Adam Suess is the acting Assistant Secretary for Land and Minerals Management for the DOI, and, as part of that role, he oversees BOEM. *Id.* ¶¶ 1–2. The Acting Solicitor for the DOI has withdrawn a prior Solicitor's opinion interpreting OCSLA and has directed offices within the DOI to reevaluate any action that relied on the prior opinion. *Id.* ¶ 11. Pursuant to that opinion and the Presidential Wind Memo, DOI is reviewing the COP approval. *Id.* ¶ 12. Based in part on its reliance on the prior Solicitor's opinion, Mr. Suess believes that the DOI's decision to approve the COP did not comply with OCSLA. *Id.* ¶¶ 12–15. Mr. Suess states, "Were the Court to remand and vacate the COP Approval decision, the Department would review the COP, and upon completion of any required technical and environmental reviews, BOEM would reach a new decision on the COP: to either approve, disapprove, or approve with conditions." *Id.* ¶ 16.

This Court denied Federal Defendants' motion to remand and vacate without prejudice, concluding that it needed the administrative record to determine whether remand or vacatur is

appropriate but not precluding BOEM from conducting an internal reevaluation of the COP approval. ECF 118.

US Wind then filed a motion for preliminary injunction, seeking to enjoin implementation of what it perceives as a decision to revoke the COP. ECF 92. During a hearing held on that motion, US Wind represented that it is not currently awaiting any federal approval or response to any filing related to the project. However, it is also not currently proceeding with the next steps in developing the project, such as completing the Facility Design Report, because of the significant cost of that undertaking and the risk that US Wind would lose that investment given the alleged decision to revoke the COP approval. Federal Defendants, in turn, represented that DOI has begun reevaluating existing leases pursuant to the Presidential Wind Memo but has not yet begun its reevaluation of this project.

In December, 2025, this Court issued a Memorandum Opinion and Order denying the preliminary injunction motion. ECF 127, 128. This Court concluded that US Wind had failed to identify any final agency action to revoke the COP that would be ripe for this Court's review. ECF 127 at 5. Specifically, BOEM's review of the COP approval remained ongoing, and the approved COP remained in effect. *Id.* at 5–11. None of the parties have indicated that the circumstances have materially changed since this Court issued that Memorandum Opinion.

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a

Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

### III. DISCUSSION

#### A. Counts I–V

This Court must grant the motion to dismiss US Wind's cross claims in Counts I–V regarding the alleged decision to revoke the COP. These cross claims fail to contain sufficient factual allegations to state a claim. US Wind alleges, "On information and belief, the Federal Defendants have made a determination to vacate, rescind or otherwise withdraw or undermine the Federal Approvals" and "are illegally seeking to remand, vacate, and otherwise undermine their own approvals of actions." The cross claims provide no further description of Federal Defendants' alleged actions such that this Court cannot adequately assess them. Although US Wind provided far greater specificity about these alleged actions in arguing its motion for preliminary injunction, as one of the cases cited by US Wind notes, evidence outside the complaint considered in adjudicating a preliminary injunction motion may not be considered in adjudicating a motion to dismiss. *Tohono O'odham Nation v. U.S. Dep't of the Interior*, 138 F.4th 1189, 1202 (9th Cir. 2025). US Wind has therefore failed to state any of its cross claims.

US Wind asks that if this Court grants the motion to dismiss based on this deficiency, it also grant US Wind leave to amend its cross claims to add more specific factual allegations based on events following the filing of its cross claims, such as the filing of Federal Defendants' motion to remand and vacate and the Suess Declaration attached to it. The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly,

5

leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Id.* at 510. Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This Court will deny US Wind leave to amend its cross claims because, even under the Fourth's Circuit's liberal standard, amendment would be futile at this point. In adjudicating the preliminary injunction motion, this Court considered evidence regarding events following the filing of US Wind's cross claims and concluded that US Wind had failed to identify any final agency action ripe for review, and no circumstances appear to have materially changed since that time. Thus, for the reasons explained in this Court's Memorandum Opinion denying the preliminary injunction motion, this Court concludes that US Wind cannot point to any action by Federal Defendants up to this point that constitutes final agency action ripe for review. Thus, amendment at this point would be futile.

This Court is not persuaded otherwise by any of the arguments raised by US Wind in its motion to dismiss briefing that were not addressed in its preliminary injunction motion. First, US Wind argues that both its lease and OCLSA and related regulations prohibit the suspension or cancellation of its lease and the COP, absent limited circumstances. Federal Defendants' actions, however, have not suspended or canceled US Wind's lease or the COP. Rather, as explained in this Court's prior Memorandum Opinion, the COP remains in force, and nothing legally precludes US Wind from continuing the development of its project. ECF 127 at 8–10.

US Wind also notes that, shortly after this Court issued its prior Memorandum Opinion, the D.C. Circuit granted en banc review and vacated the panel decision in *National Treasury Employees Union v. Vought*, 149 F.4th 762 (D.C. Cir. 2025), which that Memorandum Opinion

had cited. *See Nat'l Treasury Emps. Union v. Vought*, No. 25-5091, 2025 WL 3659406 (D.C. Cir. Dec. 17, 2025). Although the panel decision cited by this Court has been vacated, the analysis underlying this Court's decision has not changed. This Court viewed the facts in *Vought* as similar to those here, but it relied on other cases for the primary legal principles underlying final agency action and ripeness. This Court would have reached the same conclusion in applying those principles to the facts of this case even had it not considered the panel decision in *Vought*.

Accordingly, this Court will dismiss Counts I–V and will, at this point, deny leave to amend them. Nothing in this decision precludes US Wind from seeking leave to amend to reassert these or other claims if and when circumstances change.

B. **Counts VI–X**

Federal Defendants also seek to dismiss Counts VI–X, which allege declaratory judgment claims. Federal courts have discretion in deciding whether to exercise jurisdiction to hear declaratory judgment actions. *Mitcheson v. Harris*, 955 F.2d 235, 237 (4th Cir. 1992); *see also* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).

This Court will decline to hear US Wind's declaratory judgment claims at this juncture because, in substance, they duplicate several of Plaintiffs' pending claims. *See Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 505 (D.N.J. 2009) (dismissing declaratory judgment claim that duplicated another claim, the resolution of which would result in "an actual judgment, rather than a mere declaration" such that "the Court need not issue a separate declaratory judgment"). US Wind seeks declaratory judgments that the COP and its approval process complied

with OCSLA, the National Environmental Policy Act, the Endangered Species Act, the Marine Mammal Protection Act, and the National Historic Preservation Act. Plaintiffs have alleged that the COP and its approval process did not comply with these statutes. Accordingly, in resolving Plaintiffs' claims, this Court will enter "an actual judgment, rather than a mere declaration" on these questions. US Wind will have the full opportunity to argue that the COP and its approval process complied with these statutes in its briefing on summary judgment of Plaintiffs' claims. Accordingly, this Court will dismiss Counts VI–X as duplicative of the existing claims.

## IV. CONCLUSION

For the reasons stated above, US Wind's motion for leave to file sur-reply, ECF 130, and Federal Defendants' motion to dismiss, ECF 105, are granted. US Wind's cross claims asserted in its amended answer, ECF 77, are dismissed without prejudice. A separate Order follows.

Dated: February 13, 2026                             /s/
                                          Stephanie A. Gallagher
                                          United States District Judge